## Case No. 137.

### ALBERS v. WHITNEY.

[1 Story, 310.][1]

Circuit Court, D. Massachusetts. Oct Term, 1840.

JUDGMENTS—AMENDMENT—TIME FOR NAMES OF PARTIES.

1. The judiciary act of 1789, c. 20, § 32, [1 Stat. 91,] gives no authority to the courts of the United States to make any amendments in judgments, except as to defects and want of form.

[Cited in The Illinois, Case No. 7,003; Edwards v. Elliott, 21 Wall. (88 U. S.) 532.]
[See Bank of U. S. v. Moss, 6 How. (47 U. S.) 31.]

2. The doctrine of the English courts in all cases of ordinary suits, (excluding fines and recoveries,) is, that judgments and records, are amendable only, (1st.) where the case is within the reach of some statute; and (2d.) where there is something to amend by.

[Cited in Jenkins v. Eldredge, Case No. 7,-269.]

3. At common law, no judgment was amendable after the term at which it was entered.

[Cited in Jenkins v. Eldredge, Case No. 7,-269.]

4. Where the name of a party was erroneously stated in the writ to be James H. Alvers, instead of John H. Albers, which was the true name; It was held, that, as the misnomer was a mistake of fact, not apparent upon the record, and not to be amended by any matter apparent in any part of the record, the court were not authorized to make the amendment.

[Cited in Jenkins v. Eldredge, Case No. 7,-269; The Illinois, Id. 7,003: Edwards v. Elliott, 21 Wall. (88 U. S.) 532.]

At law. Motion to amend the record of this case, in which judgment was rendered at the last term of this court, and execution issued, upon which one of the defendants was arrested and committed to gaol, and afterwards was sworn out of gaol under the insolvent debtors acts. [Motion overruled.]

The petition was as follows: "Your petitioners, John H. Albers and Christian Born, of the city, county, and state of New York, merchants, under the firm and style of J. H. Albers & Born, respectfully state, that at the last April term of this court, they recovered judgment, as plaintiffs, in a certain action against Albert Whitney, Rufus C. Kemp, and Benjamin L. Mann, all of said Boston, merchants and copartners under the firm of Whitney, Kemp & Co.; that, by a slight clerical error in the writ, the name of said Albers was written James H. Alvers, instead of John H. Albers, and in consequence thereof, so appears in the record of the judgment in said action. Wherefore, they humbly pray, that the record of the proceedings and judgment in said case be amended, by inserting John H. Albers in place of James H. Alvers, where the same occurs."

E. H. Derby, in support of the application, cited the following authorities. Gay v. Caldwell, Hardin, 68; Bowman v. Green, 6 T. B. Mon. 341; Probasco v. Probasco, 2 Penn. [3 N. J. Law, 565] 1012; Marsh v. Berry, 7 Cow. 344; [Hart v. Reynolds,] 3 Cow. 43, note; Smith v. Jackson, [Case No. 13,065;] Jackson v. Young, 1 Cow. 131; Hall v. Williams, 1 Fairf. [10 Me.] 278; Bank of Newburgh v. Seymour, 14 Johns. 219; Statute of amendment and jeofails, 10 Johns. 507.

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. The power of this court to grant amendments is dependent upon statute; and, so far as it has been provided for, it is by the 32d section of the judiciary act of 1789, c. 20, [1 Stat. 91.] That section provides, "That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any of the courts of the United States, shall be abated, arrested, quashed, or reversed, for any defect or want of form; but the courts shall respectively proceed and give judgment according as the right of the cause and matter of law shall appear to them, without regarding any imperfections, defects, or want of form, in such writ, &c.," except only such as the party shall specially set down by demurrer as causes thereof. The courts are further authorized from time to time to amend all such imperfections, defects, and want of form, other than those set down by demurrer. The statute then

[1][Reported by William W. Story, Esq.]

proceeds to declare, that the courts "may at any time permit either of the parties to amend any defect in the process or pleadings, (not adding, as in the preceding part of the section, 'judgments and proceedings,') upon such conditions as the said courts respectively shall, in their discretion and by their rules, prescribe." Now, upon the foundation of this section, no authority is given to the courts of the United States to make any amendments in judgments, except as to defects and want of form. In the present case, the amendment is not of any matter or defect of form. The form of the declaration is right. The defect proposed to be remedied is a mistake of fact in the christian name of one of the plaintiffs. This mistake, too, is not apparent on the record, nor is it to be amended by any matter, apparent upon other parts of the record. But it is to be made out upon affidavits and evidence aliunde to establish the fact. There is, therefore, nothing on the record to amend by.

It is plain, that at the common law no judgment was amendable after the term at which it was entered. And amendments could be made in the process, pleadings, and proceedings only while the cause stood in paper, and before judgment. The authority to amend, then, even in England, in cases of this sort, is dependent upon and limited by statute. Mr. Tidd, in his excellent work on Practice, has laid this down, as the clear doctrine of the courts, in all cases of ordinary suits (excluding fines and recoveries) in the English courts of justice. 1 Tidd, Pr. (9th Ed. 1828.) 711, 712. Judgments and records are there never allowed to be amended, except, in the first place, where the case is within the reach of some statute; or, in the next place, where there is something to amend by, that is, where there is some memorial, paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known. Id. 713, 714. In the case before us, there has been no mistake in the prior proceedings. The mistake is in a fact, that never was brought out in the prior process, or pleadings, or proceedings in the cause. It is a mistake, dehors the record and proceedings, a mistake in the christian name of one of the plaintiffs, which could not be made apparent except by some plea, which should have disclosed it. If known to the defendants, they waived the objection, and submitted to have a judgment against them by default. It appears to me, then, that this is not a case for any amendment, authorized to be made by this court. Neither do I perceive, in what respect the purposes of justice would be aided by the amendment. On the contrary, as one of the defendants has been committed on the execution, which issued on the judgment, and has been discharged under the poor debtors' act

from his imprisonment, there might be danger, that the court might, by the amendment, do injustice or injury to him. Suppose a new execution to issue after the amendment, might not that defendant be taken anew in execution, notwithstanding his former discharge? I do not say, that he could. But we ought not to subject him to the hazard. Besides; the amendment does not seem necessary for any reasonable object. The judgment, as it stands, concludes all the defendants, as to the very defect in controversy; and it is not now open to them to contest the fact, that the plaintiff's name was, as stated in the writ and declaration; at least, so far as this judgment is concerned, its validity on this point cannot be questioned. Motion overruled.