PIERRE CHOUTEAU, JR. ET AL., Appellants, *vs.* RODNEY PARKER, Respondent.

An order granting a new trial was so modified, upon motion, as to allow depositions which had been used on a former trial to be used as evidence upon the second trial without being retaken:—HELD, That the order modifying the original order granting a new trial, does not "involve the merits of the action, or any part thereof," and is not appealable.

The order was not appealable, because it was inoperative; inasmuch as the statute (Sec. 21, p. 474, *R. S.*) gives the party the right to use the depositions on the second trial, without obtaining an order for that purpose:

This was an Appeal from an order of the District Court of Ramsey County modifying an order granting a new trial.

A motion was made to dismiss the Appeal in this Court, because the order appealed from was not an appealable order.

The following are the points and authorities relied upon by the Appellants:

*First.* The order of January 31, 1857, modifying the order which set aside the Report of the Referee and granted a new trial, was an order upon a summary application in the action after judgment affecting a substantiated right, and was an appealable order. (See Subd. 6 of Sec. 11, p. 12, *Amendm'ts of* 1856 *to Rev. Stat. Minnesota.*)

*Second.* The order of the 10th September, 1856, which vacated and set aside the Report of the Referee in the action, and recommitted the same to the Referee for a new trial, could not be modified by the subsequent order. The effect of the order granting a new trial was, to place the cause in the same situation in respect to a trial it was in before it was first tried. (See 7 *How. Pr. Rep., Stewart vs. Taylor.*)

*Third.* The Report of the Referee upon the whole issue stands as the decision of the Court. The judgment is entered thereon, as if the cause had been tried by the Court; and the decision may be excepted to, and reviewed in like manner. (See *Rev. Stat.*, Sec. 54, page 358.)

*Fourth.* The motion to set aside the Report of the Referee was a review of the Report, and a report will be set aside on the same grounds that will induce the Court to set aside the verdict of a jury. ( *Voorhies' N. Y. Code,* 1855, p. 398, notes *e, f.*)

*Fifth.* Upon such a motion, the Court must either refuse the application or set aside the Report and grant a new trial; and in the latter event, all proceedings subsequent to the order of Reference must be had *de novo.*

*Sixth.* The remedy of the party aggrieved by an order granting or refusing a new trial, is by appeal. (See *Amend. to Rev. Stat.* 1856, Sec. 11, p. 13.)

The following are the points and authorities relied upon by the Respondent:

Respondent moves to dismiss Appeal:—

*First.* The modifying order appealed from is not an appealable order.

I. The same is not appealable " as an order upon a summary application in the action after judgment," as contended for in the first point of the brief of the counsel for Appellant; because, at the time this order was made, there was no judgment in the action—it had been vacated and set aside; and because the class of orders referred to in Subdivision 6, Sec. 11, page 12 of the Amendments of 1856 to the Revised Statutes, are orders for enforcing the payment of judgments made in proceedings supplementary to the execution.

II. Because the same is not appealable as an order sustaining or overruling a motion for a new trial:

1. Because, if the same granted a new trial, its allowance was in favor of the Appellants;

2. Because, if it overruled the motion, such order rested in the discretion of the Court, and such an order is not appealable.

2 *Whittaker's Practice*, pp. 230 and 231, and cases there cited;

3. Because, the order was not a final order. See *Whitaker's Practice*, pp. 236–8.

*Second.*    The Court below had authority to modify the order granting a new trial, in the manner above mentioned:

I. Because, the Court might have made the order as modified in the first instance; as, the allowance of a new trial, and the condition of its allowance, rests in the discretion of the Court, and orders of this character are not appealable.    *Graham and Waterman on New Trials*, vol. 1, pp. 604–9;

II. Because, an order in a cause is not *res adjudicata*, and may be modified.    *Mitchell vs. Allen*, 12 *Wend.* 290; *Simpson vs. Hart*, 14 *Johnson*, 63; *Dolphin et al. vs. Frosch*, 5 *Hill*, 493.

*Third.*    Because, the order modified did not prejudice the Appellants:

I. Because, the new trial was granted solely on the ground of the absence of witnesses of the Appellants;

II. Because, the testimony allowed, by the modified order, to be read in evidence before the Refereee, might have been so read without such order; the same having been taken, by stipulation, to be used upon any trial of the cause;

III. Because, the proper time to object to such testimony was when the Respondent offered the depositions of the witnesses mentioned in evidence, before the Referree, upon the new trial.

VAN ETTEN & OFFICER, Counsel for Appellants.

I. V. D. HEARD, Counsel for Respondent.

*By the Court.*—C. E. FLANDRAU. J.    This case was tried before a Referee and a report made for the Plaintiff.    The evidence on the part of the Plaintiff on the trial before the Referee, were the depositions of H. M. Rice and R. P. Bruce, two witnesses whose depositions had been taken by stipulation before the Referee before the trial, on the ground that the one was about to depart from the Territory, and the other resided at a distance from the place where the cause was to be tried.

Afterwards an order was made in the case by the Judge of the District Court, setting aside the report of the Referee and granting a new trial. The counsel for the Plaintiff finding that the same difficulty existed in procuring the testimony of witnesses Bruce and Rice, which had induced him to take their depositions previous to the first trials, and supposing that the depositions could not be used on a subsequent trial, applied to the Court on motion, to have the order which granted the new trial, so modified as to permit him to use said depositions on the trial of the cause; the Court granted the motion and allowed the order asked for, and from such order [Defendant appealed to this Court.

The counsel for the Plaintiff moves to dismiss the appeal on the ground that the order is not an appealable one.

Appeals may be taken to the Supreme Court from orders in the following cases:

2.   "From an order granting or refusing a provisional remedy, or which grants, refuses or dissolves an injunction."

3.   "From an order involving the merits of the action, or some part thereof."

4.   "From an order granting or refusing a new trial."

5.   "From an order which in effect determines the action, and prevents a judgment from which an appeal might be taken."

6.   "From a final order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment."

*R. S. p.* 414, *Sec.* 11, *as amend. by law of* 1856, *p.* 12, *Sec.* 18.

If the order falls within any of the subdivisions, it must be No. 3, above set out, and the only reason which admits of a possibility of its being covered by that clause, is the indefinite nature of its extent and operation. We are not without authority however on this point. The same words are used in the New York Statute, and have received a full examination and judicial interpretation in the Courts of that State. In *St. John vs. West,* 4 *How. Pr. R.* 329, Justice Selden describes at large the meaning of the words "involve the merits," and holds that they should be taken to mean in this connection, "the strict legal rights of the parties as contradistinguished

from those mere questions of practice which every Court regulates for itself, and from all matters which depend upon the discretion or favor of the Court." The Court in that case held that an order denying a motion to substitute certain parties for one of the Plaintiffs who had died since the commencement of the action, did not involve the merits, and was not appealable.

The construction given to these words by Justice Selden in *St. John vs. West*, was approved at the General Term of the Superior Court of New York, in *Megrath vs. Wyck*, 3 *Sandf. S. C. R.* 750. *See also Cruger vs. Douglass*, 2 *C. R.* 123. 8 *Barb. S. C. R.* 81. *Bedell vs. Stickles*, 4 *How. Pr. R.* 432. *Whitney vs. Wateman*, 4 *How, Pr. R.* 313. These cases although dissimilar in the matter decided, with the one under discussion, aid in giving a correct signification to the words "involve the merits." Test the order by this rule, and it cannot be said to involve the merits. The new trial had been granted solely on the ground that the Referee had reported without the Defendant having put in any evidence, and it was for the purpose of allowing them to prove their defence if they had any, that the case was opened, and not from any error connected with the admission of the evidence offered by the Plaintiff, and was evidently granted as a favor to the Defendants, as payment of the costs of the motion were imposed upon them as the terms of granting the order.

There can be no doubt that in the original order [granting the new trial, the Court could have imposed as a condition of opening up the case, that the evidence on the part of the Plaintiff or any part of it taken on the first trial, should be considered on the second : such is the every day practice of the Courts, when reasons exist for so doing. A witness may have died, or left the country, or become insane since the first trial, any of which cases have been considered sufficient to make orders conditional upon the reception of the testimony of such witness on a subsequent trial of the same case. The Counsel for the Plaintiff cites several cases in support of this rule, but the case in 1 Chitty R. 425, is so exactly in point and from such high authority, that it should put the power beyond

doubt; the exercise of it however was discretionary and cannot be reviewed.

The order is not appealable because it is inoperative. The depositions were taken by stipulation to be used in the trial of the cause, and could have been so read without the order of the Court.

The Revised Statutes place the right of the Plaintiff to read the depositions beyond all doubt, *R. S. page* 474, *Sec.* 21. "When the Plaintiff in any suit shall discontinue it, or the suit shall be dismissed for any cause, and another suit shall afterwards be commenced for the same cause between the same parties or their respective representatives, all depositions lawfully taken for the first, may be used in the second," &c. &c. Sec. 22 provides that they may be used on appeal in the same suit.

Section 23 authorizes the Court to make rules among other things for the manner of "taking and using" depositions, &c. Had the Court made no order concerning the depositions at all, we think the Plaintiff could have used them as well as now. 3 *Greenleaf, Ev. Sec.* 326.

The appeal should be dismissed with ten dollars costs of the motion.