HENRY G. GERISH and CHARLES G. BREWSTER, Plaintiffs in Error *vs.* JOHN JOHNSON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF NICOLLET COUNTY.

A writ of error issued more than one year after the date of a judgment, will not bring it into this Court for review: and a writ of error only lies to a final judgment:

The statute allowing the court to relieve against a judgment, order or other proceeding taken against a party through his mistake, inadvertance, surprise or excusable neglect, is a limiting, and not a granting act; and the party must show in every instance, the existence of some one of the causes specified in the statute, and make his application with diligence.

Paper books furnished the Court under the rules, should contain a brief statement of the case, as well as every material paper which bears upon the questions to be decided by the Court.

The points and authorities filed by Plaintiff in Error, are not pertinent to any of the questions decided by the Court, but relate to the power of the Court to modify and amend the judgment.

Points and authorities of Defendant in Error:

*First.*—Defendant in error respectfully claims, that this honorable Court has jurisdiction herein upon this writ of error, founded on any final judgment or decree made or rendered in this action in the Court below. Because, writ "shall not issue after the expiration of one year from the time of the rendition of the judgment to which it refers." *Comp. Stat. Minn.* 623.

1. In this case we find by return to writ—rule for judgment and decree and judgment made and rendered in Court below on the 31st day of December, 1858, which decree or judgment together with costs, &c., docketed in Nicollet county on the 20th day of March, A. D. 1859, and order refusing to vacate

judgment in this case was made by the Judge, March 24th, 1860, and lastly, writ of error issued on the 21st day of May, A. D. 1860.

The statute of limitations for suing out writ of error commences running from the time of entry of rule for judgment and not from the time of filing the record. 11 *Wend.* 522; 1 *John. R.* 165; 3 *John. R.* 523.

And jurisdiction will not be presumed. And if the subject matter of the controversy be not within the jurisdiction of this court, *no* agreement of parties can confer it. 1 *Minn.* 369; 2 *Cranch.* 126; 4 *Cranch.* 216.

2. If the raising a question to vacate a judgment of the District Court, made and rendered more than one year prior to making such motion will confer jurisdiction in this Court to review such judgment and the record thereof, all judgments, may be so reversed, no matter what may be the lapse of time intervening between the rendition of the judgment and subsequent motion to vacate the same in Court below, and writ of error to Supreme Court.

*Second.*—By reference to the first proceeding served on Defendant in error in this Court by Plaintiff, we are therein informed that on the 21st day of May, A. D. 1860, a writ of error was allowed and issued; the object of which writ is as therein stated in said notice of issuance of said writ, to renew a certain order rendered in said District Court, &c., referring, we suppose, to the order of Court below, made March 24th, 1860, overruling a motion to set aside or vacate the judgment rendered December 31st, 1858.

1. The order overruling the motion to vacate, we think, is not the subject of error neither in form nor substance. "*Error* can only be brought on final judgments." *Ld. Ellenborough C. J. in Samuel vs Iredin;* 6 *East R.* 333; *Co. on Litt.* 288 "*b*," 3 *Binn.* 273; 5 *Serg. and R.* 516; 3 *Serg. and R.* 411; 1 *Arch. Pr.* 208; 3 *Hayw. Ten. R.* 98; 1 *Minn.* 368; 9 *Wheat.* 576; 7 *Peters,* 144; 3 *Code* 37, 241; 5 *How.* 30; 1 *Day Conn.* 27.

And settled by adjudication beyond a doubt or cavill.

2. Nor will writ lie upon order overruling a motion to open a judgment. *Voorhies N. Y. C.* 490; 1 *Trob. & Haly Pr.*

433; 2 *Watt.* 940; 1 *Rawle* 323 ; 2 *Comst.* 186; 3 *How.* 424 ; *Voorhies N. Y. C.* 474; 10 *How.* 89.

3. "Supreme Court will not examine into amendments even to records of judgments" being matters of discretion. "And setting aside a judgment either for irregularity or as a matter of favor is a mere question of practice or is addressed to the discretion of the Court. 2 *Comst.* 186 ; 2 *Caines.* 232 ; 6 *Cow.* 606 ; 5 *Wend.* 102 ; 6 *A. C. Law, dig.* 253.

4. Nothing in the sound discretion of the Court below will be reviewed in error in Supreme Court. 7 *Cow.* 152; 14 *Serg. & R.* 160; 6 *Serg. & R.* 1; *do* 510; *do* 542; 7 *do* 182 ; 1 *Seld. N. Y. R.* 547; 1 *Cow.* 49; 4 *Cranch.* 237 ; 5 *do* 15; 6 *do* 206; 1 *Trob. & Hay. Pr.* 434; 2 *Binn.* 80 ; 4 *Wheat.* 220.

Smith & Gilman, Council for Plaintiff in Error.

Cox & Bryant, and Thos. Cowan, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.　This was an action for the recovery of the possession of personal property.　The complaint is very imperfect, and was demurred to by the Defendants.　The demurrer was sustained by the Court below with leave to the Plaintiff to amend, which he did not avail himself of.　Thereupon the Defendant moved for judgment, and the Court on the 31st day of December, 1858, rendered judgment in his favor, which, after reciting the preliminary steps that had been taken, grants the following relief: "It is adjudged and decreed that the Defendants have final judgment for the return, to the possession of the Defendants, of the personal property mentioned and described in the complaint; that said John Johnston, or any person having possession of said property, shall, upon the service of a copy of this judgment forthwith deliver the said property into the possession of the Defendants as aforesaid, and that all further and other proceedings on the part of the Plaintiff herein be forever stayed, besides the costs of this action."　This judgment was signed by the Judge.

The Defendant subsequently discovering that this judgment

did not furnish them the relief they desired, probably because they could not reclaim the specific property, moved the court, at the Le Sueur Term, in March, 1860, for leave to amend the same by inserting therein the value of the property, and the damages they had sustained by its detention from them. This motion was denied March 24th, 1860, whereupon the Defendants sue out a writ of error from this Court, whether to bring up the judgment of December 31st, 1858, or the order of March 24th, 1860, does not appear in the papers furnished to the Court, but it can in no way be material, because if directed to the judgment, it fails from having issued more than one year after the rendition thereof. *Pub. Stats.* 623, *Sec.* 22. And if it is designed to bring up the order, it is a sufficient answer to it to say that a writ of error lies only to a final judgment. *Pub. Stats. p.* 621, *Sec.* 2; *Ib.* 623, *Sec.* 22, and that an order can only be reviewed upon appeal. *Pub. Stats. p.* 621, *Sec.* 11.

But overlooking the technical objections which are sufficient to defeat the writ of error in this case, what little we can gather of the merits from the meagre statements contained in the paper books, all goes to satisfy us that the Judge was right in refusing the motion to open and amend the judgment. Diligence is required in all such applications; the statute limits the time within which such applications can be made to one year after notice of the judgment. *Pub. Stats. p.* 544, *Sec.* 94, and only then relieves from a "judgment order or other proceeding," when it is taken against a party "through his mistake, inadvertance, surprise, or excusable neglect." This is a limiting and not a granting act; and it by no means follows that because a party may make such a motion within the year, that he has always a year to make it in. He is in each instance bound to make the motion with diligence, and show the existence of some one of the causes specified in the statute. All the effect of the statute is to prevent him from making the motion after the expiration of the year. It does not satisfactorily appear from the papers furnished the Court, when the motion was in fact made, but it does appear that it was heard at the March Term of the Court in Le Sueur county, in 1860, which was a year and two months after the rendition of the

judgment.   This alone was a sufficient ground for the Court below to deny the motion; and as it no where appears that the motion papers presented any grounds of relief whatever, we are bound to presume there were no merits in it.

Since the amendment was made to the rules allowing the paper books to be abridged by leaving out all matter not pertinent to the questions involved, there has been such a desire to curtail their contents on the part of the bar, that in many cases we find it quite difficult to tell anything about the case without a reference to the return.   The books should in all cases contain a statement of the case briefly, as well as every material paper which bears upon the questions to be decided by the Court.   In this case it seems that the Plaintiff in error desires a review of the order, denying the motion to open the judgment, and yet he furnishes us with nothing but the order itself, and not one of the papers upon which the motion was made; how he expected that we could determine whether the Judge erred in his decision or not, is hard to see.   These comments are made in this case, because it is of great importance to suitors and the Court that cases should be fully presented, and also because no rights can be lost by the omissions in this instance, as the case must fall for the reason first stated.

Writ of error dismissed.