HARRIET R. HOLMES AND HUSBAND VS. BENJAMIN F. CAMPBELL.

  Plaintiffs and defendant were owners as tenants in common of a judgment. By the terms of the assignment either of the assignees were expressly authorized to collect the judgment to their joint use. The defendant, one of the assignees, proceeded to collect the judgment and at the sale under the execution bid off the property in his own name, and in due time the title in him became perfect. *Held*—1. That to the extent of the purchase the defendant acted within the scope of the power conferred by the assignment. 2. That in the absence of any circumstances showing fraud or bad faith, or that the action of the defendant was not for the benefit of the assignees, or that the purchase was not intended to be in pursuance of the power, the defendant holds the lands in trust for the plaintiff to the extent of her interest in the judgment; and 3. That the defendant is not liable as for money had and received.

The complaint in this action alleges the assignment of a judg-

ment against one Henry H. Williams, to the plaintiff, Harriet R. Holmes, and the defendant, *to be by said assignees held and owned jointly, with authority to them or either of them to collect the same to their own use ;* that defendant caused execution to issue on said judgment, under which certain real estate of the judgment debtor was levied upon and sold; that defendant bid off such real estate at the sale, and the sheriff holding the execution returned the same satisfied to the amount of the purchase money; that the time of redemption from said sale had expired and the proper sheriff had duly executed a deed of the premises so sold, to the defendant; that no part of the purchase money of said premises was ever paid by defendant, either to his co-assignee or to said sheriff. It further alleges a demand for the payment of one-half of the said purchase money of defendant and his refusal to pay the same, and demands judgment for one-half of said purchase money and interest.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to the judgment therein demanded. The demurrer was sustained by the Court below. The plaintiff appeals from the order sustaining the same to this Court.

- HENRY HINDS for Appellants.

First—The defendant holds the land purchased by him, not by reason of his having had an interest in the judgment under which the sale to him was made, but under and by force of his contract of purchase made with the sheriff upon the sale. The sale by the sheriff to the defendant Campbell, extinguished the interest of both the assignees in the judgment *pro tanto*, and although there was a joint interest in the judgment, there was no joint interest in the land purchased under the judgment. Campbell purchased the land of the sheriff by a parol contract, made at the auction, which was consummated by the delivery and acceptance of the subsequent certificate of sale and sheriff's deed. He applied his own interest in the judgment, and also the interest of his co-owner in

Holmes et al. v. Campbell.

payment for the land purchased by him, and took the conveyance to himself, thus bringing the case within *Sec. 7 of Chap.* 32 *of the Comp. Stat.*, relating to uses and trusts. There is, then, no remedy for the plaintiff upon the land, because no fraud or misconduct is charged upon Campbell in conducting the matter thus far, and therefore he has the whole legal and equitable title in the land so purchased by him; or if such is not the absolute legal result of Campbell's position, yet the plaintiffs have the right to elect which remedy they will pursue, the equitable remedy, to reach a share of the land, or their legal remedy upon the contract of sale, as made by Campbell with the sheriff at the sale, such contract enuring to their benefit. *Secs. 7, 8 and 9 of Chap.* 32, *above cited; Sumner vs. Sawtelle et al.*, 8 *Minn. R.*, 318; *Hatmaker vs. Garfield*, 15 *N. Y. R.*, 475.

Second—If the defendant took the absolute, legal and equitable title to the land by virtue of his contract of purchase at the sheriff's sale, then he should pay over to the sheriff, or to his co-owner of the judgment, the contract price therefor, as made with the sheriff, less the amount of his own interest in the judgment, and, in default thereof, the co-owner or his assigns may, either with or without demand, sue the defendant upon the contract made with the sheriff, as having been so made by the sheriff for the benefit of the co-owner of the judgment, or his assigns.

Third—We are then brought to the inquiry next as to what was the quantity of interest of the assignees in the judgment. To determine this question, it will only be necessary for the Court to refer to the allegation of the complaint, "that the judgment was assigned to be by them owned and held jointly, and then to put a construction upon the word "jointly," it is most respectfully submitted that the word "jointly," imports an equal interest in the thing so held and owned; but at all events such an assignment imports that the assignees have each some interest in the thing assigned, and if so, a demurrer will not lie for an indefinite allegation. *Burrill's Law Dic., "Joint Tenants;"* 4 *Kent's Com.*, *7th Ed., p.* 315.

Fourth—If the complaint states no cause of action as it stands,

leave should have been allowed the plaintiffs to amend, or if an action at law cannot be maintained by the plaintiffs upon the facts stated, leave should have been granted to file a complaint in equity. In the absence of such leave, and in the absence of any reason assigned by the court below for its action, it is to be inferred that the court intended to deny the plaintiff any relief. Should this court come to the conclusion that the present complaint is defective either in matter, or in the form of the action, the plaintiffs now ask leave to amend accordingly.

A. G. CHATFIELD for Respondent.

The action will not lie.

I.—Because one joint tenant or tenants in common cannot maintain an action for money had and received against his cotenant, who had received more than his share of the property or profits. *Chit. on Cont.*, 533, (*marginal* 623, *Perkins'* 9 *Am. Ed.*) ; 5 *Exchq. Rep.*, 28 ; *Comyn on Cont.*, 742 ; 10 *Sergt. & Rawle*, 219 ; *Sherman vs. Ballou*, 8 *Cow. Rep.*, 304 ; 1 *Story's Eq. Jur.*, Sec. 466 ; *Sheldon vs. Wells*, 4 *Pick. Rep.*, 60.

In this case the plaintiffs do not allege that they ever demanded of the defendant that he should convey to them their share of the land obtained by him on the judgment. They only demanded money.

Each one has an undivided interest in the property, and such interest pervades every part of it; and precisely so of the avails or profits of it, whether it be converted into money or other property, each having an undivided and pervading interest in the whole, has an equal right with the other to the possession, custody and control of it, and neither can maintain an action at law against the other for it; nor can either alone maintain an action against a third person on account of it. If either receives the avails of it in other property in his own name, a trust results to the use of his cotenant to the extent of his interest. *See* 2 *Johns. Rep.*, 468 ; 12 *Johns. Rep.* 484, *and* 15 *Johns. Rep.*, 179. The only remedy which either has against the other is in equity, an action of ac-

Holmes et al. v. Campbell.

count at law being obsolete. *See Hill vs. Gibbs*, 5 *Hill Rep.*, 56, *and note "A," and authorities there cited; McMurry vs. Rawson*, 3 *Hill Rep.*, 59.

II.—Because the plaintiffs do not show by their complaint that the defendant has received any money whatever belonging to plaintiffs. He received property—land in satisfaction of moneys due to plaintiffs and defendant jointly. He received it to their joint use, precisely as they held the judgment. He could not receive it otherwise. He received it just as he would have received the money if the property had been purchased by a third person, for the joint use of the owners of the judgment; and it has already been shown that the plaintiffs' remedy against the defendant would have been in equity, and not by an action at law for money had and received, for each and every dollar would have been the joint property of the plaintiffs and defendant.

It is not shown by the complaint, nor is it true, that defendant has converted the land into money, and the receipt of property by one to the use of another, will not maintain an action for money had and received. It is only when such property is converted into money, or its equivalent, that such an action can be sustained. This is the general rule.

III.—To enable one party to maintain an action against another for money had and received, the circumstances must be such as to establish a privity of contract between them as separate parties; such a privity as to at least imply a promise by the one to the other to pay the money. The promise either express or implied is the foundation of the action.

That privity of contract does not exist between joint owners or tenants in common. The relation does not create it, consequently neither can maintain an action at common law against the other for receiving more than his share. *Story's Eq. Jur.*, *Sec.* 446.

*By the Court*—McMILLAN, J.—The parties to this action were owners as tenants in common of the judgment mentioned in the complaint. By the terms of the assignment to them either of the assignees were expressly authorized to collect the judgment to

their joint use. This authority extends to whatever may necessarily or reasonably be done to effect the collection, and within these limits whatever may be done by either is done as the trustee or agent of the other to the extent of his interest. The ordinary mode of collection is by execution upon the judgment, and in the absence of personal property by sale of real estate, at which the plaintiff in the execution may become the purchaser.

It is not only proper, but in our State it is usual and may be necessary in order to protect the plaintiff's interest, that he become the purchaser at the sheriff's sale. In this instance the defendant Campbell, one of the assignees, proceeded to collect the judgment, and at the sale under the execution issued upon the judgment, bid off the property described in the complaint, in his own name, and in due time the title in him became perfect. This to the extent of the purchase, we think, was within the scope of the power conferred by the assignment. No other facts except the purchase in this manner are stated which show any fraud or a bad faith in the purchase, or that the action of the defendant was not for the benefit of the assignees of the judgment, and necessary for their protection, nor that the purchase was not intended to be in pursuance of this power. Although perhaps the purchase should have been in the joint names of the assignees of the judgment, the mere fact of the purchase in the name of the defendant, under these circumstances will not be considered fraudulent, "for in such case a court of equity will presume that the party meant to act in pursuance of his trust and not in violation of it." 2 *Story Eq. Jur.*, *Sec.* 1210, *and authorities cited.* The defendant, therefore, holds the land in trust for the plaintiff to the extent of that portion of her interest in the judgment which has been satisfied by the sale. This is not the case of a grant to one for a valuable consideration which has been paid by another, within *Sec.* 7, *Chap.* 32, *of the Comp. Stat., p.* 382, and is not affected by that section.

We think the facts stated in the complaint do not show that the land was taken by the defendant in his own right as money, but that it was purchased by the defendant on the joint account, and for the joint benefit of the assignees of the judgment. The defen-

dant, therefore, is not liable as for money had and received. The demurrer was properly sustained, but as the plaintiff desires to amend his complaint, he may have that privilege. Let the order appealed from be so far modified as to permit the plaintiff to serve an amended complaint within twenty days after notice of this decision.