HARRIET R. HOLMES, et al,

*vs.*

BENJAMIN F. CAMPBELL.

Upon a motion to set aside a judgment, and for leave to serve an answer, the order gave defendant leave to file and serve an answer, but did not, in express terms, set aside the judgment. *Held :*—That the order suspended and superseded the decree, to the extent necessary to permit the defendant to put in issue the allegations of the complaint, or to interpose other equities and defences by answer.

An order, made more than one year after notice of judgment, permitting a defendant to serve and file an answer under *Sec.* 105, *Chap.* 66, of the *Genl. Stat.*, involves the merits of the action, or some part thereof, and is appealable under *Subdiv.* 3, *Sec.* 8, *Ch.* 86, *of the Genl. Stat.*

When a party has appeared in an action, and judgment therein is perfected, the judgment is notice to the parties from the time it is entered ; and in the absence of any suspension of its operation or effect, the Court has no authority to grant relief to a party against such judgment, under *Sec.* 105, *Ch.* 66 *of the Genl. Stat.*, after one year from its entry.

An appeal is taken in this case by the plaintiff from an order of the District Court for Scott County, granting leave to the defendant to file and serve an answer. The case is fully stated in the opinion of the Court.

JOHN H. BROWN for Appellants.

CHATFIELD & IRWIN for Respondent.

*By the Court*—McMILLAN, J.—This is an appeal by plain-

tiffs from an order of the Court below, granting to the defendant leave to file and serve an answer under the following state of facts: The action was commenced in September, 1864. A demurrer to the complaint was interposed, and in February, 1865, allowed by the District Court. The plaintiff appealed from the order allowing the demurrer, and at the January Term, 1866, the order allowing the demurrer was so far modified by this Court as to permit the plaintiffs to amend their complaint. *Holmes vs. Campbell,* 10 *Minn.,* 401. On the 3d of February, 1866, an amended complaint was served by the plaintiffs, and on the 5th of the same month was returned by the defendant for reasons stated. On the 27th of February, 1866, the plaintiffs procured an order from the District Court requiring the defendant to show cause, &c., why the plaintiffs should not have the relief demanded in the amended complaint. Upon the hearing of the rule, it was ordered by the Court that the plaintiffs take their decree, unless the defendant should answer the amended complaint within five days after notice of said order. The order allowing the decree was served on the defendant's attorney, on the 28th of March, 1866. On the 4th of April, 1866, no answer having been filed, the judgment, in favor of the plaintiffs, was entered, and judgment roll made and filed. The defendant took an appeal to this Court from the order by virtue of which the judgment was entered. The notice of appeal was filed and served upon the clerk on the 5th of April, 1866; and the undertaking, on the appeal, was approved and filed on the same day. The times of the service of the notice of appeal on the plaintiffs does not appear. At the January Term, 1867, the order appealed from was affirmed by this Court; (12 *Minn.,* 201.) On the 6th of August, 1867, a motion, founded upon an affidavit of merits and good faith, and upon the whole record in the case, was made by the defendant to

the District Court, to set aside the decree, and for leave to serve an answer to the amended complaint, upon which the Court "ordered that the defendant have leave to file and serve an answer to the plaintiffs' amended complaint in the above entitled action, within thirty days after the date of this order." The date of the order is August 14, 1867. From this order the plaintiffs appeal to this Court. The defendant raises the preliminary objection that the order is not appealable. If there is any provision for an appeal from an order of this character, it must be contained in *sub-division three, of Sec. 8, Ch. 86 of the Genl. Stat. p. 577,* by which an appeal is allowed "from an order involving the merits of the action, or some part thereof."

A provision of the same kind is contained in the New York Code. Under these statutes the Courts, both of that State and our own, have construed the "merits of the action," as used in this connection, to be the strict, legal rights of the parties, as contra distinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the Court. *Megrath vs. Van Wyck,* 3 *Sand., S. C. R.,* 750; *Choteau, et al., vs. Parker,* 2 *Minn.,* 118. If therefore the order involves the strict legal rights of the plaintiffs, and is not a mere question of practice, or a matter of discretion, it is appealable.

A final judgment determines the rights of the parties to the action in which it is rendered, and the party in whose favor it is rendered may proceed to enforce the judgment in accordance with its terms. Any order of the Court which cancels it, or modifies its effect, or suspends its operation, or the right of the plaintiff to enforce the same, materially affects the legal rights of the party in whose favor it is rendered, and under the authorities involves the merits of the

Holmes, et al., v. Campbell.

action, and unless it is within the discretion of the Court, it is appealable. Either the order in this case is a nullity, or it opens the judgment, so far as to permit the defendant to answer, and put in issue the allegations of the complaint. If the judgment is not in any way affected by the order, then the rights of the parties are determined, and no answer can in any event be made; if it opens the judgment so as to permit an answer, then it affects the legal rights of the plaintiffs, and under the view we have taken, it involves the merits of the action.

We are inclined to the view urged by the defendant's counsel, at least to this extent, that "though the order appealed from failed, through inadvertence, to set aside the decree, in terms, it both in law and fact suspends and supercedes it, to the extent necessary to permit the defendant to put in issue the allegations of the complaint, or to interpose other equities and defences by answer," and so far as this question is concerned is appealable.

Was it within the discretion of the Court to make the order? Extending the time to plead, permitting amendments to pleadings, and permitting new pleadings to be served, are, as a general rule, questions of practice, and addressed to the discretion of the Court. If, however, in any instance, the authority of the Court to permit these, or similar acts, is limited and defined by statute, the power is discretionary only so far as it is exercised in accordance with the statute.

The judgment in this case was perfected on the 4th of April, 1866, and was notice to the parties from that time. The order appealed from was not made till August 14, 1867, nor was the motion upon which it is based made till the 29th of July, 1867. More than one year, therefore, had elapsed before the making of the motion or the order. The statute limits the time within which applications for relief of

this character can be made to one year after notice of the judgment. No appeal has ever been taken from the judgment, and the appeal taken from the order for judgment was not taken until after the judgment was entered. The time limited by statute within which the Court might grant relief of this character having previously elapsed, the Court had no authority to grant the order appealed from. *Genl. Stat. Ch. 66, Sec.* 105, *and authorities cited in margin; Gerrish vs. Brewster*, 5 *Minn.* 23.

The order is therefore appealable, and not having been made within one year from the time the judgment was perfected, and because notice to the defendant is erroneous and must be reversed.