IN THE

# SUPREME COURT

OF

# MINNESOTA.

---

## JANUARY TERM, 1871.

---

ROSWELL GOODELL

*vs.*

ORTON P. WARD.

In replevin for a wagon, plaintiff had a verdict in justice's court, and also, on appeal, in district court. Defendant appealed to this court from an order of the district court, denying a motion for a new trial on the ground that the verdict was not justified by the evidence, and was contrary to law, and for errors in law occurring at the trial and excepted to. *Held*, that, on such appeal, the sufficiency of the affidavit, on which the writ of replevin was issued by the justice, cannot be questioned.

In the course of plaintiff's testimony he was asked, " What damage, if any, have you sustained by reason of the taking and withholding of the wagon by

VOL. XVII.—2

the defendant ?" *Held,* that this question did not seek to prove a conclusion of law.

The constable was asked, "Did you as such constable ever take from the possession of the defendant the wagon or any part thereof?" The point, "that it does not appear that he knew the wagon in question," is not open under an objection that the question "is immaterial, irrelevant, and incompetent." It should have been raised by the objection that no sufficient foundation had been laid for the question, and is, in any case, immaterial. Nor is the evidence sought objectionable as not the best evidence. That the question is too general, is an immaterial objection.

Defendant testified, that plaintiff had pledged the wagon to him, to secure a note for $22.05, given for the loan of $20, on thirty days, and that said note was unpaid. Plaintiff, in rebuttal, testified that, by agreement, he was to pay no interest if he repaid the money in a few days; that he did so, and that defendant agreed to destroy the note. Upon cross-examination he swore that he knew he so paid it, because one Z, paid him $100 about that time on a piece of land plaintiff sold him at that time, viz: a few days after the note was given. Defendant, thereupon, offered to prove " the record of the deed, from plaintiff to Z, of the piece of land which plaintiff had testified that he had sold and conveyed to said Z, within a few days after he borrowed the money, for the purpose of showing that that sale and conveyance did not occur until more than a month afterwards." The court refused to receive the evidence. .*Held,* correct.

Appeal by defendant from an order of the district court for Goodhue county, refusing a new trial. The facts of the case, and the grounds upon which a new trial was sought, are stated in the opinion.

Hodgson & Sturges, for Appellant.

Parker & Hoyt, for Respondent.

*By the Court.*—Ripley, Ch. J.—Replevin for a wagon, commenced before a justice, where plaintiff had a verdict. Defendant appealed to the district court, where plaintiff again had a verdict, with damages for the detention. Defendant moved

Goodell v. Ward.

for a new trial because the verdict was not justified by the evidence and was contrary to law, and for error in law occurring at the trial, and excepted to, and appeals from the order of the district court denying the same.

The point is raised in this court, not having been made in the court below, that the affidavit, on which the justice based the writ, was fatally defective in that, as defendant asserts, it gave no other description of the wagon than " a two-horse lumber wagon."

If there were anything in the objection, and it was open to defendant to make it, which, on this appeal, it is not, we could not consider it, for he has not seen fit to furnish us with the affidavit. We cannot determine its sufficiency on the statement in his brief of its contents. 5 *Minn.* 23. Supposing, however, that his statement is correct, as he gives no reason for his opinion that such a description is not sufficient, if the point were properly before us, it would only be necessary for us to say that it appears to us that it is.

In the course of the plaintiff's testimony he was asked: " what damage, if any, have you sustained by reason of the taking and withholding of the wagon by the defendant ?" ; and defendant's objection thereto was overruled.

He urges in support of the exception taken to such ruling, " that the question sought to prove by the witness a conclusion of law." Defendant gives no reason for this opinion of his, which is obviously an erroneous one ; nor, in answer to the question, did the witness state anything but facts.

The constable was then called, and asked ; " Did you, as such constable, ever take from the possession of said defendant the wagon, or any part thereof, in question ?" The defendant's objection to this being overruled, he urges, in support of his objection that it was immaterial, irrelevant, and incompetent, *first*, that it does not appear that he knew the wagon in question.

This point should have been raised by the objection that no sufficient foundation had been laid for the question, and is not now open; though if it were, such error, if any, was immaterial, for it could work defendant no injury. Unless the officer knew what wagon was in question, he could not have answered the question in the affirmative, and a negative answer could not injure defendant.

Defendant next objects, that, if the officer took it on the writ, the return would be the best evidence.

The object of the question, however, was to ascertain if he was the officer who took the wagon in question on the writ. The return is not before us, but it could not possibly show how that was.

The question is finally said to be too general, but that could not harm the defendant.

The defendant's defence was, and he introduced evidence to prove, that plaintiff had pledged the wagon to him to secure a note for $22.05, given for the loan of $20, on 30 days from January 22d, 1865, and which was unpaid.

After he had rested, plaintiff, in rebuttal, testified, that, by agreement, he was to pay no interest if he repaid the money in a few days;—that he did so, accordingly, and defendant agreed to destroy the note.

Upon cross-examination, he swore, that he knew he so re-paid defendant, because one Zignego paid him $100 about that time on a piece of land plaintiff sold him at that time. That the land was sold a few days after he made the note.

After this rebutting evidence had been introduced, it appears that the defendant offered to prove "the record of the deed of conveyance from plaintiff to said Zignego, of the piece of land which plaintiff had testified that he had sold and conveyed to said Zignego within a few days after he borrowed the money, for the purpose of showing that that sale and conveyance did not occur until more than a month afterwards."

Goodell v. Ward.

This evidence was objected to, and excluded; and, surely, most properly. Plaintiff had not said that he "sold and conveyed" the land a few days after borrowing the money, but that he sold it then. The defendant's offer therefore, did not purport to be to contradict plaintiff, and for any other purpose it was then inadmissible. Moreover, if the offer had so purported, the record would have been evidence of nothing more than the date of the execution of the deed, not of the sale.

The verdict is said not to be sustained by the evidence, because, in defendant's view of it, there is no proof of a wrongful taking, and, (which is so) no evidence of demand before suit. Defendant says that the utmost that is proved is, that he removed the wagon from a public highway.

There was positive evidence, however, that plaintiff owned the wagon; that when taken it was standing in the street, in front of plaintiff's yard, between the traveled part of the street and the fence; that defendant took it thence on the 11th of July, and that the constable found it on defendant's premises a fortnight afterward, and the defendant refused to give it up.

If the property rightfully belonged to plaintiff it was in his possession when defendant took it, though not in his actual custody or occupation, and the taking was wrongful—(2. *Greenl.* 561, 614;) and in view of the testimony above referred to, it would seem that defendant can hardly expect his suggestion, that defendant "certainly had a right to remove it from the highway, where it must have been, to some extent, an obstruction and a nuisance," to be taken to have been seriously made.

The objection that the evidence does not justify the verdict is not urged and is groundless.

Order affirmed.