Decided December 23, 1895.

## NICKLIN *v.* ROBERTSON.

[42 Pac. 993.]

1. VACATING JUDGMENT FOR MISTAKE OR SURPRISE—CODE, ¿ 102.—Under Hill's Code, ¿ 102, providing that the court "may at any time within one year after notice thereof relieve a party from a judgment taken against him through his mistake or excusable neglect," it is not sufficient that the motion be made within a year after notice, but it must be heard and determined within that time.

2. COSTS—CODE, ¿ 554—DISCRETION OF COURT.—The discretion regarding the payment of costs in an equity proceeding conferred by section 554, Hill's Code, extends only to who shall pay them, and once that discretion has been exercised by the court, it is subject to review only for abuse, and the decision ought to be as binding on the lower court as on the appellate court, and cannot be changed.

3. COMPUTATION OF TIME — CODE, §§ 519, 556, 557.— The time provided by sections 556 and 557, Hill's Code, for filing cost bills and objections thereto, should be computed by excluding the first day, and also the last day where it falls on Sunday: Code, § 519.

4. DUTY OF CLERK IN TAXING COSTS.— Where no objections are filed to a statement of costs, the clerk has no discretion in allowing the items therein contained.

5. AFFIDAVIT — CORRECTING JUDGMENT UNDER SECTION 102, HILL'S CODE.— A motion under Hill's Code, § 102, for relief from a portion of a decree on the ground that it was included therein through the mistake, inadvertence, surprise, or excusable neglect of the movant, is ineffectual unless the affidavits submitted therewith show the existence of one of such grounds.

6. CORRECTING JUDGMENT FOR CLERICAL MISTAKE.— A judgment cannot be altered after the close of the term at which it was rendered, for a clerical misprision, where the mistake is not apparent on the record, and must be made out upon affidavits and evidence *aliunde.*

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a motion to correct a decree in the case of S. C. Nicklin against W. E. Robertson and others, so as to relieve the plaintiff from the taxation of disbursements claimed to have been taxed against her through her excusable neglect. The facts are that on September twenty-nineth, eighteen hundred and ninety-one, the circuit court dismissed the suit, and decreed that the defendants recover of the plaintiff their costs and disbursements. On the sixth day thereafter the defendant filed with the clerk a verified statement of their disbursements, which, *inter alia,* contained the following items:—

C. W. Burrage, witness, 90 days and 3,146 miles traveled _____$ 449 60

W. H. Burrage, 4 days' attendance as witness and 808 miles traveled_____  86 80

D. W. Taylor, expert services and 3 days' attendance _____  54 50

No objections thereto having been made within the time prescribed by law, the clerk taxed the costs and disbursements claimed in the statement to the plaintiff, and entered the amount thereof in the decree. On March twenty-sixth, eighteen hundred and ninety-two, the plaintiff, having filed affidavits showing that she had no notice of the filing of said statement, moved the court to disallow and strike out the foregoing items thereof for the reason that they were illegal, and that the statement had not been filed within five days from the entry of the decree; but no order thereon having been made, the plaintiff on June sixteenth, eighteen hundred and ninety-four, by leave of court, filed objections to these items, and submitted affidavits tending to show that her neglect to present such objections at an earlier date was excusable. On September twentieth, of the same year, the clerk, in passing upon said objections, retaxed these items as follows:

C. W. Burrage, 1 day, 1 mile _____ $ 2 10
. W. H. Burrage, 1 day, 1 mile _____ 2 10
D. W. Taylor, 3 days, 1 mile _____.___ 6 10

Thereupon the defendants moved the court to retax their said disbursements, and, upon said motion being submitted, the court found the facts to be that C. W. Burrage resided at Canyon City, Colorado, at the time of the trial; that he appeared as a witness without the issuance of an order of the court requiring his attendance, and in doing so it was not necessary for him to travel more than one mile or to attend more than one day; that W. H. Burrage was at Portland, Oregon, and only attended as a witness one day and traveled one mile; and that D. W. Taylor attended said trial three days, and traveled one mile; and upon these findings affirmed the decision of the clerk, and on Sep-

tember twenty-first, eighteen hundred and ninety-four, decreed a modification of the disbursements in accordance therewith, from which the defendants appeal.

REVERSED.

For appellants there was a brief and oral argument by *Mr. William H. Adams.*

For respondent there was a brief by *Messrs. McDougall, Spencer and Jones,* and an oral argument by *Mr. Charles Jones McDougall.*

Opinion by MR. JUSTICE MOORE.

1.  It is contended by the defendants that no order modifying the original decree having been made within a year after the plaintiff had notice of the taxation of the disbursements, the court was powerless, after the expiration of that time, to grant the relief sought. It must be conceded that a large portion of the disbursements claimed by the defendants is illegal, and hence the only question involved is the power of the court to retax them. The statute, so far as it applies to the case at bar, provides that the court may "in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect": Hill's Code, § 102. At the common law no judgment could be amended after the term at which it was entered, except for clerical errors appearing in the record, and then only when there was to be found in some minute of the trial, a memorandum of what actually transpired from which the judgment might be corrected: *Albers* v.

*Whitney,* 1 Story, 310 (Fed. Cas. No. 137); *Ætna Life Insurance Company* v. *McCormick,* 20 Wis. 279. A statute conferring power to modify a judgment or decree after the term at which it was rendered, being in derogation of the common law, is to be strictly construed; and hence a party, if he could be relieved from a proceeding taken against him through his inadvertence, surprise, or excusable neglect, must apply therefor and obtain a decision thereon within the time prescribed by the statute, or his laches will preclude the court from thereafter amending the record: *Woolley* v. *Woolley,* 12 Ind. 663; *Gerish* v. *Johnson,* 5 Minn. 23; *Knox* v. *Clifford,* 41 Wis. 459; *Flanders* v. *Sherman,* 18 Wis. 575. In the case last cited COLE, J., in construing a statute identical with the one above quoted, says: "But, unless the motion is made within a year from the time the party has notice of the erroneous order or judgment, the court cannot relieve under this statute. It must be made within a year, as the power of the court to grant the relief is expressly limited to that period. After the lapse of that time the court cannot relieve a party from an order or judgment against him through his 'mistake,' 'inadvertence,' 'surprise,' or 'excusable neglect.'" In *Woolley* v. *Woolley,* 12 Ind. 663, one of the parties to a judgment, on the day prior to the expiration of a year from its rendition, under the provisions of a similar statute, applied to the court to set it aside, which the court did on the day after the year had expired. An appeal having been taken from the judgment thus rendered, it was reversed and PERKINS, J., in rendering the decision, says: "Under the section upon which the present suit is founded, the court could not set aside the judgment after the expiration of the year." In *Gerish* v. *Johnson,* 5 Minn. 23, the court, interpreting a similar statute, says: "It by

no means follows that because a party may make such a motion within the year, that he has always a year to make it in. He is in each instance bound to make the motion with diligence, and show the existence of some of the causes specified in the statute." "The period," says COLE, J., in *Knox* v. *Clifford,* 41 Wis. 459, "within which the discretion is to be exercised is expressly limited to a year after notice of the judgment; and this time cannot be enlarged or extended by merely giving notice of the motion to vacate the judgment. The party is required to act, and must bring his motion to a hearing, within the year, or the power to relieve under the statute is gone. This provision goes upon the only reasonable assumption that a year affords an ample opportunity for a party to obtain relief if he is diligent." These authorities conclusively show that the statute limits the power to one year after notice of the "judgment, order, or proceeding," and that the expiration of that time leaves the court without authority to set aside or modify its decision for any of the causes enumerated in the section quoted. The plaintiff must have had notice of the taxation of these disbursements on March twenty-sixth, eighteen hundred and ninety-two, at which time she moved the court to disallow them, and more than one year from that time having expired before a modification thereof was decreed, it follows that the court, under the provisions of the statute, had no power to alter the original decree.

2. The plaintiff insists, however, (1) that the allowance of costs in equity rests in the sound discretion of the trial court, which will not be reviewed on appeal except for an abuse thereof; and (2) that the taxation of the disbursements of which she complains

results from the misprision of the clerk, and that the court possesses at all times the inherent power to correct such errors. It must be observed that the discretion referred to by plaintiff does not extend to the amount of costs and disbursements to be recovered,— but only as to who shall pay them: Hill's Code, § 554. In the case at bar the court exercised its discretion at the time it decreed that the defendants recover of the plaintiff their costs and disbursements, and it is this exercise of it that will not be reviewed except for abuse: *Lovejoy* v. *Chapman*, 23 Or. 571 (32 Pac. 687); *Cole* v. *Logan*, 24 Or. 304 (33 Pac. 658). One of the objects in procuring a judgment or decree is to put at rest forever the issue litigated, but if the trial court could, even in matters within its discretion, change at pleasure its solemn conclusions, judgments might remain open in all matters relating to an exercise of this right, and become subject to be changed at any time in favor of either party who could show a better reason therefor. When the trial court has not abused its discretion in the exercise thereof, its conclusion will not be reviewed in this court, and such conclusion, when announced, ought to be as binding upon the court rendering it as it is upon this court.

3. The statute authorizes the clerk to allow and tax, as a matter of course, the disbursements claimed by a party upon his filing a verified statement thereof within five days from the entry of a judgment or decree given in his favor, unless the adverse party, within two days from the time allowed to file the statement, shall file objections thereto. The statement may also be filed at any time after five days, but in such case a copy thereof must be served upon the

adverse party, who is given two days from the service thereof to file objections thereto, and in either case the clerk must pass upon and may allow or reject any or all items to which objections have been made: Hill's Code, §§ 556, 557. It will be observed that judgment was entered September twenty-ninth,— and, excluding the first day from the computation, the five days would expire October fourth, but that day being Sunday must also be excluded, and the statement having been filed on the day following, was within the five-day limit: Hill's Code, § 519.

4.    No objections having been filed to the cost bill within the time prescribed by law, the clerk had no discretion in the allowance of the items contained in the statement.

5.    The affidavits submitted with the motion on March twenty-sixth, eighteen hundred and ninety-two, did not show that the disbursements had been taxed against the plaintiff through her mistake, inadvertence, surprise, or excusable neglect, and even if it be conceded that a motion filed within one year from the notice thereof authorized the court, after the expiration of that period, to relieve a party from a judgment taken against him under such circumstances, the motion filed would be ineffectual for that purpose.

6.    The power of a court, at any time after the entry of a judgment, to correct the misprision of a clerk or other officer of the court, when it can be done by reference to some memorandum of the trial, made at the hearing thereof by the court, or from the pleadings on file or proceedings had therein must be conceded (1 Black on Judgments, § 155; 1 Freeman on Judgments, § 71); but when the mistake is not appar-

ent on the record, and must be made out upon affidavits and evidence *aliunde,* then there remains nothing to amend by, and the court is powerless to alter the judgment after the close of the term at which it was rendered: *Albers* v. *Whitney,* 1 Story, 310 (Fed. Cas. No. 137). The amount of the items claimed in the verified statement is nine hundred and five dollars, which sum the clerk entered in the decree, and it appearing that the evidence relied upon to correct the record consisted of affidavits which were insufficient for that purpose, it follows that the decree appealed from must be reversed, and the motion to correct the original decree overruled.                              REVERSED.