BON HOMME· COUNTY BANK, Respondent, v. BAIN-BRIDGE, Appellants.

(200 N. W. 107.)

(File No. 5406.   Opinion filed September 19, 1924.)

1.  Judgment—Default—Motions—Application to Set Aside Default Submitted to Court After Statutory Time Limit Held Too Late.

Under Rev. Code 1919, Sec. 2378, authorizing vacation of default judgments within one year after notice of the judgment, where defendants' contract for extension of time for sale under execution showed actual knowledge, application submitted to court over a year thereafter was too late, though notice of motion was seasonably filed, and counsel stipulated to waive objection.

2.  Appeal and Error—New Matter—New Matter for Vacating Judgment Cannot Be Presented for First Time on Appeal.

New matter, showing reasons for vacating default judgment, when not presented to the trial court, cannot be considered on appeal.

Dillon, J., dissenting.

Appeal from Circuit Court, Bon Homme County; HON. R. B. TRIPP, Judge.

Action by the Bon Homme County Bank against Joseph Bainbridge and another.   From an order refusing to open and vacate a default judgment, defendants appeal.   Affirmed.

J. L. Meighen and H. A. Doyle, both of Yankton, for Appellants.

Wicks & Quinn, of Scotland, S. D., for Respondent.

Appellant cited:   Garr-Scott & Co. v. Collins, (N. D.) 110 N. W. 81; Gibson v. Smith, 124 N. W. 734; Bovey-Shute Lbr. Co. v. Lakefield, 147 N. W. 720.

Respondent cited:   Kinkead v. Moriarty, 29 S. D. 202.

GATES, J.   [1]   This is an appeal from an order refusing an application of defendants to open and vacate a default-judgment entered October 10, 1921.   The application was dated Octo-

ber 2, 1922, returnable October 7, 1922, but was not brought on for hearing before the trial court until March 3, 1923. A stipulation of the parties was entered into, to the effect that the order made by the court thereon should be entered and filed as of October 7, 1922. On March 6, 1923, the trial court made the order appealed from. Relief was denied upon the ground that it was then too late to grant the relief prayed for. Following is the text of the memorandum opinion by the trial judge:

"I am convinced the motion to set aside the default judgment in this case will have to be denied, because it is now too late, and, even if that were not so, there has been such acquiescence in the judgment by defendants as would prevent it being disturbed.

"(1) By Section 2378, it is provided: That the court may, at any time within one year after notice thereof, relieve a party from a judgment * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect.'

"The year has long since expired. The judgment was rendered October 10, 1921. The defendants, if they did not have notice of it before, they certainly did November 26, 1921, when they signed a contract that gave them an extensoin of time for the sale under the execution issued on the judgment. It is true they served their notice of motion to vacate the judgment October 2, 1922, but the matter was not submitted to the court for deci sion till March 3, 1923.

"I find my impression, as stated at the argument, is correct: that is, the above statute is one of limitation on the court, as its language clearly indicates, and the relief if any must be actually granted within a year from defendants' knowledge of the judgment. 1 Black, § 311; Yerkes v. McHenry, 6 Dak. 5, 50 N. W. 485; Woolley v. Woolley, 12 Ind. 663; Gerish v. Johnson, 5 Minn. 23 (Gil. 10); Nicklin v. Robertson, 28 Or. 278, 42 Pac. 993, 52 Am. St. Rep. 790; Whitney v. Karner, 44 Wis. 563; McKnight v. Livingston, 46 Wis 356, 1 N. W. 14.

"The difference between this statute and those of California, Iowa, and some other states should be noted, for in the latter states the limitation for granting the relief is with reference to when the party applied, not when the court granted it. This dis tinction will explain the difference, if any, in the decisions.

"(2)   A party cannot acquiesce in or ratify a judgment and thereafter be relieved from it.   23 Cyc. 897.   Defendants not merely did this by their payment, but the party actually made ⌐ contract extending the time of the sale under the judgment, which which necessarily recognized its validity at a time when the court must find defendants knew or ought to have known the facts constituting defenses, if any.   But however that may be the court cannot relieve because it cannot restore the parties to where they were before that contract was made.

"In addition to the above authority recognizing the rule referred to, see, also, W. T. Rawleigh v. McKinney (Mo. App.) 180 S. W. 440; Bass v. Carley 96 N. Y. Supp. 1023; Appeal of Drummond (Pa.) 12 Atl. 658.

"(3)   Since writing the above and again examining the papers, I find a stipulation apparently signed October 7, 1922, by attorneys for parties, which states that they 'have agreed that any order entered in said proceedings shall be entered and filed as of said date of October 7th.'   On second thought, of course, counsel will concede they could not control the entering or filing of papers.

"The truth and public interest demand that public documents be filed and entered the day the acts occur, but assuming the intent of the stipulation was that plaintiff would waive the objection that the motion was not passed upon within the year, could that be done so the court could make a valid order after the time had expired?   I think not.   While one may waive the advantage of a law solely for his benefit, this statute, however, enacts a rule of public policy that litigation shall seasonably cease.   Judgments are commonly the bases of titles, and they should early be at rest. Parties, therefore, ought not to be permtited to controvert this statute 'by private agreement.'   Section 44, Rev. Code.   I do not think this court would have any more right to disturb the judgment than the Supreme Court would to review it on plaintiff's waiver after the appellate limit had expired.   Nor can I assent to the argument that a defendant can slumber for practically a year. The theory of the law is that, when a man finds that he has been unjustly defaulted and can excuse it, he will move within a reasonable time, and if he does not have it presented so that it shall be determined within a year, he must suffer the consequences of his own negligence."

Section 2378, Rev. Code 1919, authorizes such relief to be granted within one year after notice of the judgment. Defendants had actual knowledge of the judgment November 26, 1921, when they signed a contract that gave them an extension of time at which sale under execution of the judgment would be made. The application not having been submitted to the court within one year thereafter, the trial court rightly held that it had no jurisdiction to grant the relief. It is only fair to counsel for respondent to state that neither in the trial court nor in this court did they seek to repudiate their stipulation, but urged that the matter be heard upon its merits.

[2] New matter is submitted in this court showing reasons why the judgment should have been vacated, but as such matter was not before the trial court we cannot consider it. We must consider the appeal upon the record before the trial court.

The order appealed from is affirmed. The order to show cause relative to the new matter is quashed.

DILLON, J. (dissenting.) I think the stipulation entered into between the attorneys should be so construed as to protect the rights of the appellants in this motion. It is conceded that the motion to remove the default was seasonably made and the respondent's attorneys did not urge the enforcement of the time limit. The trial court abused its discretion in insisting upon the violation of the stipulation. The stipulaton states:

"Have agreed that any order entered in said proceedings shall be entered and filed as of said date of October 7th."

On second thought, of course, counsel will concede they could not control the entering or filing of papers. The trial court says:

"The truth and public interest demand that public documents be filed and entered the day the act occurs, but assuming the intent of the stipulation was that plaintiff would waive the objection that the motion was not passed upon within the year, could that be done so the court could make a valid order after the time had expired? I think not. While one may waive the advantage of a law solely for his benefit, this statute, however, enacts a rule of public policy that litigation shall seasonably cease. Judgments are commonly the bases of titles, and they should early be at rest. Parties, therefore, ought not to be permitted to controvert this

statute 'by private agreement.' I do not think this court would have any right to disturb the judgment."

The highest duty of the court is to justice. Justice cannot be accomplished by ignoring the stipulation of attorneys and refusing to open up a defaulted judgment of $43,500, which denies the right to defend on the ground of fraud and want of consideration. A portion of this judgment involves the appellants' homestead.

I think the order setting aside the default should be entered, and that appellants' should, upon payment of reasonable costs, be permitted to urge on the trial, their defense.

Note.—Reported in 200 N. W. 107. See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 153(1), 23 Cyc. 912; (2) Appeal and error, Key-No. 172(1), 3 C. J. Sec. 584.