Nov. Term,
· 1851.

McJunkin
v.
McJunkin.

McJunkin v. McJunkin.

Sections 98 and 99, of chapter 46, of the R. S. of 1843, in relation to open-
ing decrees, do not apply to suits for a divorce.

*Tuesday,*
*November* 25.

APPEAL from the *Allen* Circuit Court.

SMITH, J.—*Alexander McJunkin*, the appellee, filed a bill
to obtain a divorce against *Elizabeth McJunkin*. Notice
was given by publication, the said *Elizabeth* being a non-
resident.

*Elizabeth* was defaulted, proof was made, and a divorce
was decreed in *October*, 1845. At the next ensuing term
of the Circuit Court, in *February*, 1846, the said *Elizabeth*
filed an affidavit that she had no actual notice or person-
al knowledge of any kind, of the pendency of the bill for
a divorce, and prayed for an opening of the decree. She
also filed an answer to the bill.

Notice of the motion to open the decree was given to
the complainant, who filed an affidavit, stating that since
the decree he had married again. He also denied the
allegations in the answer.

The Circuit Court refused to open the decree; and from
this decision, *Elizabeth* appeals.

By section 45, c. 35, p. 602, of the R. S., it is provided
that the practice and proceedings in suits to obtain di-
vorce shall be the same as in other cases in chancery,
with certain specified exceptions.

In the chapter relating to suits and proceedings in chan-
cery, c. 46, ss. 98 and 99, there are provisions that par-
ties against whom a decree has been rendered without
other notice than by publication in a newspaper, may, at
any time within five years, have such decree opened and
be let in to a hearing, by giving notice to the original
complainant, or his heirs, devisees, executors, or adminis-
trators, and upon filing a full answer to the original bill
with an affidavit, &c.

The Circuit Court decided that these last mentioned
statutory provisions were not intended to apply to divorce
cases; and we are of the same opinion. The fact that

they require decrees to be opened as against the heirs, <span style="float:right">Nov. Term, 1851.</span> devisees, or personal representatives of the original complainant, tends to satisfy us that the legislature, in making this enactment, had in view other classes of cases. Among the exceptions to the provision that the practice in suits to obtain a divorce shall be the same as in other chancery cases, one is, that the defendant is not required to make a full answer, but may make a general denial without oath. This, also, would seem to indicate that such suits were not supposed to be within the meaning of the sections referred to in the 46th chapter. The rights of *bona fide* purchasers of property, sold under the decree sought to be opened, are protected by another section, but no provision is made that children born of a second marriage, before the opening of the decree, shall be legitimate; and upon the whole, taking all the provisions of both chapters, and the consequences which would follow a different decision, into consideration, we think the judgment of the Circuit Court should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Brackenridge, Jr.*, for the appellant.

*J. K. Edgerton* and *C. Case*, for the appellee.