NELSON and Others *v.* GIBSON..

May Term,
**1859.**

WOOLLEY
v.
WOOLLEY.

*Wednesday,*
*June 29.*

---

## WOOLLEY *v.* WOOLLEY.

*Quœre,* whether the code provides a substitute for the general common-law mode of setting aside a judgment or decree for fraud, where both parties appeared.

Under § 99, 2 R. S. p. 48, a judgment or decree could not be set aside one day after the expiration of one year.

*It seems,* that the common-law practice will not be revived to supply an omitted case, upon an application to set aside a decree for divorce and alimony; because the code has special provisions for the case, and it is not in accordance with the usages, the practice, or the legislation, in this state, to disturb judgments of divorce for any cause.

APPEAL from the *Sullivan* Circuit Court.

PERKINS, J.—This was an application, under § 99, 2 R. S. p. 48, to set aside a judgment of divorce and alimony. The statutory provision is as follows: "The Court may, also, in its discretion, allow a party to file his pleadings after the time limited therefor; and at any time within one year, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings." The application was filed the day before the year expired;

*Wednesday,*
*June 29.*

the judgment was set aside, so far as alimony was concerned, the day after the year expired.

In *Robertson* v. *Bergen*, 10 Ind. R. 403, it is said there are five different cases in which Courts are authorized, in this state, to set aside judgments in civil actions. There are five, and perhaps more.

1. The Court may grant new trials for causes discovered after the term. See *McDaniel* v. *Graves*, at this term (1). But the application must be made within one year from the rendition of final judgment in the trial had. 2 R. S. p. 119.—*Id.* 167. This second provision applies to judgments in suits for the recovery of real estate. These provisions authorize the granting of new trials, and in the first, the language of the statute is, that the application must be made, and in the second, that the act may be done by the Court, within one year. See *Carlisle* v. *Wilkinson*, at this term (2).

2. The second class of cases is, that where a judgment may be relieved against for mistake, &c., being the class within which the pending suit is ranged. Here, also, the language of the statute is, that the act of the Court in setting aside the judgment, may be done within one year. The section is quoted above.

3. There are two classes of cases, which we will notice together, where judgments are rendered upon constructive notice, in which the judgments may be set aside.

One of these is where the judgments are against infants, and in which they may, for specified causes, be set aside within three years. 2 R. S. p. 289, § 177.

The other is where the judgments are rendered against adults; and, in which cases, they may have the judgments opened at any time within five years, except in cases of divorce.

None of the foregoing classes of cases embraces that of an application to set aside a judgment or decree for fraud, where there was an appearance by both parties—an equitable proceeding well known to the common law. We say none of these proceedings embrace such a case. Perhaps that for granting new trials may, to the extent to which

misconduct or fraud of the opposite party, had it been dis-covered at the term at which the trial took place, would have then been a ground for a motion for a new trial. But the question here is, does the revised code provide a substitute for the general common-law mode of setting aside a judgment or decree for fraud? See a valuable case on the subject in 7 Am. Law Reg., p. 591.

In answering the above inquiry, we are led to ascertain what the character and name of such a proceeding was at common law.

When the proceeding was instituted in the same Court, or, perhaps, class of Courts, in which the decree sought to be set aside was rendered, it was called an original bill in the nature of a bill of review. Story's Eq. Pl., p. 474. Also, note on p. 475.

Our statute provides for bills of review, except in cases of divorce, and our judgments are all in Courts pursuing chancery practice. 2 R. S. p. 165.

Perhaps this statute may be construed to embrace actions to set aside judgments for fraud. If so, the remedy of the plaintiff in this case is to file a complaint for that object.

Under the section upon which the present suit is founded, the Court could not set aside the judgment after the expiration of the year.

Perhaps the provision of the code (2 R. S. p. 119, § 356) is a substitute for a bill in chancery. Fraud is ground for a new trial. The legislature would have a right to limit the time within which such a bill should be brought. It would seem that we could not revive, it may be remarked, in such a case as this, any part of the former common-law practice, to supply an omitted case, for the reason that the legislature has, in the code of 1852, made special provisions in the case; and for the further reason, that it is not in accordance with the former usages and practice in this state to disturb, for any cause, judgments or decrees for divorce (see the successive codes); nor is it in accordance with current legislation. Acts of 1859, p. 109. But, as there is a case pending (*Mc Quigg* v. *Mc Quigg*), which

May Term, 1859.

will, we are advised, involve these questions more directly, we here leave them undecided.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to amend, &c., if it can be done, so as to proceed in accordance with this opinion.

Hanna, J., was absent.

*J. P. Usher*, for the appellant.

