## MORSE v. MORSE.

PRACTICE—ERROR.—A judgment will not be reversed for an error which does not affect the substantial rights of the party. Page 159.

VERDICT—SPECIAL FINDINGS.—It is only when the jury find a general verdict, that the statute authorizes a special finding upon particular questions of fact. By the phrase "particular questions of fact," we are to understand, not an issue, but single questions of fact, pertinent to and involved in an issue, tending to support or defeat it, and which would be impliedly covered by a general verdict. Page 160.

SAME.—The office of the special finding is that if the particular facts so found are inconsistent with the general verdict, the former may control the latter. Page 161.

SAME.—On the trial of the cause below, the jury were, at the request of the plaintiff, instructed, if they found a general verdict, to answer the following interrogatory, viz: "Are there any facts alleged in the complaint which are not true, if so, state what they are?"·

Held, that the interrogatory was impertinent and should not have been submitted to the jury, and, having been submitted, there was no error in the refusal of the court to require the jury to make their answer more specific. Page 161.

DIVORCE—ALIMONY.—In a suit by the wife for divorce and alimony, evidence of the value of the wife's separate property is admissible, and should be considered, in connection with the value of the husband's property, in fixing the amount of alimony. Page 163.

DIVORCE—PRACTICE.—The statute regulating divorces contemplates a trial by the court, and though the court may, of its own motion, or by consent, or upon the motion of either party, submit the issues to a jury, still the verdict is not conclusive, and on the final hearing the court may look into the whole case, and disregard so much of the finding as is without the issue. Page 163.

HUSBAND AND WIFE—WITNESS.—Under the act in relation to witnesses, (Acts of 1861, p. 51,) husband and wife are prohibited from testifying either for themselves or against the other in suits for divorce. Page 164.

APPEAL from the Steuben Circuit Court.

ELLIOTT, J.—This was a complaint for divorce and alimony, filed by Eugenia L. Morse against Thomas B. Morse, her husband. The complaint, after averring their marriage, the number and ages of their children, &c., charges cruel treatment as the cause for which a divorce is claimed.

The principal acts of cruel treatment specified are that

in 1858, and frequently afterward, until the filing of the complaint, her husband falsely charged her with improper intimacy with other men. That in *April* 1862, knowing her to be in poor health, the defendant frequently, before the plaintiff went to bed, poured cold water on her night clothes and on that portion of the bed occupied by her. That for five years next before the filing of the complaint, the defendant prohibited her from social intercourse with her friends and relatives, and without cause forbade them visiting at his house. That frequently for days and weeks he failed to speak to her, and paid no attention to her when she spoke to him, and treated her as if unworthy of his notice.

The defendant answered in three paragraphs.

1st. The general denial, except as to the allegations of the marriage and the number and ages of their children, which were admitted.

2d. As to charging her with improper intimacy with other men, that if he had done so, it was because of her open avowal to him that she did not recognize the obligations of the marriage tie, subsisting between them, as constraining her to accept him, against her choice or affinities, as the father of her offspring, and that she had the moral right, independent of that tie, to choose the father of her children; that she had no affinity for him, and regarded cohabitation with him as legalized adultery.

3d. That if cruel treatment had been practiced, it had been condoned.

The plaintiff replied: 1st. In denial of the answer.

2d. That, as to the second paragraph of the answer, if she made use of the statements and avowals therein charged, it was in a joke, and was so understood by the defendant, he well knowing that she never entertained any such opinions.

3d. As to the third paragraph of the answer, that since the condonation, the defendant had repeated his acts of cruelty.

The jury to whom the cause was submitted for trial found a general verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

On the trial, after the defendant had given evidence tending to prove the facts set up in the second paragraph of the answer, the plaintiff offered to prove by one *Thomas Gales*, a competent witness, that after the time the plaintiff made the statements imputed to her, and before the defendant charged her with improper intimacy with other men, "the defendant had, from his own admissions to the witness, learned that said plaintiff did not entertain such opinions and doctrines as set out in said second paragraph of the answer." But the court refused to permit the evidence to be given to the jury. This ruling is assigned for error. The second reply alleges that if the plaintiff made the avowals charged in the second paragraph of the answer, they were made in jest, and that the defendant knew she did not entertain such sentiments. As the defendant had introduced evidence tending to prove the averments in the answer, as an excuse for charging his wife with improper intimacy with other men, it is clear that the evidence offered was pertinent to the issue, and should, therefore, have gone to the jury. Indeed, the defendant's counsel do not controvert the fact that the court erred in rejecting the evidence, but they insist that the judgment should not for that error be reversed, for the reason that it is shown by the record that the charge of improper intimacy with other men, even if wanton and unfounded, was afterward forgiven by the plaintiff.

The third paragraph of the answer, as we have seen, alleges that if cruel treatment had been practiced it had afterward been condoned. And the jury, in answer to several interrogatories propounded to them by the court, at the request of the defendant, found that the charge of adultery was made once only; that it was made to the plaintiff alone, and not to or in the presence of any other person; that the plaintiff forgave him for said charge, and

there was a reconciliation, and that the defendant never repeated the charge afterward. Condonation, or forgiveness, was a good answer to that act of alleged cruelty, or cause for divorce, and if the jury had found that the charge of adultery was wanton and unfounded, and that the defendant, at the time he made it, knew that the plaintiff did not entertain the sentiments and opinions imputed to her, still the verdict should have been for the defendant, on the finding of the jury that the charge was afterward condoned, and not repeated subsequently. Section 101 of the code provides that "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect." 2 G. & H., 122.

Here, as we have seen, the plaintiff was not injured by the error of the court in rejecting the evidence. Her substantial rights were not affected thereby, because the general verdict as to that specification must have been for the defendant, even if the issue to which the evidence was alone directed had been found for the plaintiff. But it is insisted by the plaintiff's counsel that the charge, though once forgiven, was again revived by the defendant's subsequent acts of cruelty. The date of the condonation is not found by the jury. The evidence is not in the record, and there is no special finding of any other alleged act of cruelty, except perhaps that of pouring water on the bed, &c., in reference to which the court, at the request of the plaintiff, propounded to the jury the following interrogatory, viz: "Were the bed and clothes wet by the defendant as stated in the complaint?" To which the jury answered: "Not at all times." Assuming that this answer is, in effect, a finding that the bed and clothes were wet as charged, but not as frequently as alleged in the complaint, yet the jury found that the parties continued to live together, and traveled together on trips of pleasure. And, "that at the time the

complaint was filed, they were absent on a pleasure excursion to *Toledo, Ohio,* with the children, and that they had lived together ever since, and until within two days of the trial of the cause" in the court below. We find nothing in the record to justify us in holding that the charge of improper intimacy with other men was revived by subsequent acts of cruelty.

Certain special interrogatories were addressed to the jury, for answers, at the request of the plaintiff, in case they found a general verdict. On the return of a general verdict, with the answers to the interrogatories, the plaintiff asked that the jury be sent back to answer the interrogatories more definitely, but the court refused the motion, and this is urged as error. The interrogatories, and the answers thereto which are complained of, are as follows:

"1st. Are the facts stated in the complaint true as stated in said complaint?" Answer. "No."

"2d. If there are any facts stated in the complaint that are not true, state what facts are not true?"

Answer. "Not sufficient cruel treatment to warrant a divorce."

The statute provides, that "in all cases, when requested by either party, the court shall instruct the jury, if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing. This special finding is to be recorded with the verdict." 2 G. & H., § 336, p. 205. The statute also authorizes the jury, in their discretion, unless otherwise instructed by the court, to find either a general or special verdict, but provides that the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues. It is only when the jury find a general verdict, that either party is entitled to have a special finding upon particular questions of fact. If the jury find a special verdict upon all the issues, the parties are not entitled to a special finding upon particular questions of fact. It is evident,

from this statute, that by the phrase "particular questions of fact," is intended something less than an issue presented in the case. It obviously means that a party may require the jury to return a special answer to single questions of fact, pertinent to and involved in the issue, tending to support or defeat it, and which would be impliedly covered by a general verdict. And the office of such special findings is that if, under the law, the particular facts so found are inconsistent with the general verdict, the former shall control the latter. Here, the first interrogatory involves the entire issue on the complaint, under the general denial. And the second interrogatory is not as to any particular fact, but requires the jury, if they do not find all the facts stated in the complaint to be true, to state what facts so alleged are untrue. Under the statute, this interrogatory was irrelevant and improper, and should not have been propounded to the jury. The answer, though not specific, was, we think, more pertinent than the interrogatory. But it is urged that as the defendant did not object to it at the time it was given to the jury, the objection comes too late, and must be considered as waived. If this be so, still we do not think the court erred in refusing to send the jury back for a more specific answer. It was the duty of the court, without objection from the defendant, to refuse to submit the interrogatory to the jury, but having done so, if in answer to it the jury had found material questions of fact that were inconsistent with the general verdict, the plaintiff might, perhaps, have availed herself of such special finding. But not having done so, the court, having erred in giving the interrogatory to the jury in the first instance, did not err in refusing to require a second and further answer.

It is the plaintiff, who first erred in asking a finding upon an improper question, and not the defendant, who is complaining of the action of the court below.

In this connection, an objection is made by the plaintiff to the interrogatories addressed to the jury by the court, at

the request of the defendant, and to the answer returned by the jury thereto, on the ground that the interrogatories were asked, and special findings required, absolutely, and not upon the contingency that the jury found a general verdict; and it is insisted that for that reason the interrogatories and answers are void, and cannot be considered in this court for any purpose. But we think the objection is not well taken. The record shows that the plaintiff first presented interrogatories asking certain special findings, in the event that the jury found a general verdict. And thereupon the defendant also presented interrogatories. They contain no caption, but the court gave them to the jury with those presented by the plaintiff, and though the record is silent as to the matter, we think the reasonable inference, from the facts shown in the record, is that the jury were only required to answer them in the event that they found a general verdict. Such was the duty of the court. They were given to the jury by the court without objection to their want of the condition, either by the plaintiff or the court. The jury found a general verdict, and also returned special findings in answer to the interrogatories. These findings are upon the record as facts found by the jury, and, as far as they are pertinent to the issues, we are at a loss to know upon what principle they should be disregarded. If the court below had refused to submit the interrogatories to the jury for the want of the condition upon which, under the statute, answers should be required, it would not have been error, if the defendant had refused to annex the condition. But here, the court did submit them to the jury to be answered, we must presume, only in the event they found a general verdict. They did return a general verdict, and it was therefore proper that they should also find specially in answer to the interrogatories.

In *Bird et al.* v. *Lanius.* 7 Ind. 615, and in the *Board of Commissioners, &c.,* v. *Kromer,* 8 Ind. 446, to which we are referred by the appellant, the court below refused to

submit the interrogatories to the jury because they were required to be answered unconditionally. They are not in point here.

The court permitted evidence of the amount and value of property possessed by the wife in her own right. This was right, as, in the event a divorce should be granted, it would be a proper matter to be considered, in connection with the amount and value of the property of the husband, and the other facts and circumstances of the case, in determining the amount of alimony that should be given to the wife.

We have discussed the questions arising upon these findings of the jury, upon the assumption that the provisions of the code under which they were evidently had are applicable to divorce cases. They are so discussed in the briefs of counsel on either side. But, in *Ewing* v. *Ewing*, 24 Ind. 468, this court held that the provisions of the statute authorizing divorces prescribed the rules of practice in those cases, and that they are not governed by the code. In *Lewis* v. *Lewis*, 9 Ind. 105, this court held that, "The rule of procedure in cases of divorce obviously contemplates a trial by the court, and though the court may of its own motion, or by consent of parties, or upon the motion of either party, submit the questions raised by the pleadings to the consideration of a jury, still the verdict may not be in all respects conclusive. And, on the final hearing of the cause, the court may look into the whole case, and disregard so much of the finding of the jury as is plainly without the issue." And this, we think, is the correct practice. There is nothing in the findings of the jury in this case requiring the court to grant a divorce. Indeed, the facts of the case, so far as they appear from the record, would seem to forbid that such a decree should be rendered.

The court refused to permit the plaintiff to testify as a witness in her own behalf, because she was the wife of the defendant. At common law, parties to a suit were incompetent to testify as witnesses in their own behalf, but in

1861, the legislature of *Indiana* passed "an act in relation to witnesses," (Acts of 1861, p. 51,) by which it is provided that all free white persons of competent age shall be competent witnesses, &c., and that any person, a party in the action, may testify in his own behalf, or in behalf of any other party to the same action, &c.

The third section makes certain exceptions to the general provisions of the act, one of which reads thus: "husband and wife, *as to matters for or against each other*, or as to communications made to each other during marriage." The question arises upon the construction to be given to the words, "*as to matters for or against each other.*" The question has not been regarded as free from doubt and uncertainty by many of the lower courts and the members of the bar; and, indeed, some of the courts have permitted the parties in divorce cases to testify in their own behalf, while others have excluded them. The question is fully and ably discussed in the case at bar on both sides. On the one hand, it is insisted that by the expression "as to matters for or against each other," the legislature only intended to exclude the husband or wife from testifying for or against the other in suits between that other and third persons, and not to prohibit them from testifying in their own behalf in suits for divorce.

In view of the fact that under the statute regulating divorces, &c., the defendant may be required to answer the complaint under oath, for the evident purpose of using the admissions thus forced from the party as evidence of the facts constituting the alleged cause for a divorce, and in the further consideration of the fact that the object of the act of 1861 was evidently to enlarge, and not to limit or abridge the rule of evidence as to the competency of witnesses, the writer of this opinion has regarded the act of 1861 as not excluding the parties in divorce cases from testifying. But the other judges do not concur in this opinion. They hold that by the terms of the statute, husband and wife are prohibited from testifying either for themselves or

against the other in suits for divorce, and that the court below did not therefore err in refusing to permit the plaintiff to testify.

We find no error in the record for which the judgment should be reversed, and it is therefore affirmed, with costs.

*A. Ellison,* for appellant.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.