## McFARLAND *v.* McFARLAND.

ASSIGNMENT OF ERROR.—*Divorce.*—An assignment of error, that the court " granted a divorce when it ought not to have been done," is too general to raise any question.

McFarland *v.* McFarland.

DIVORCE.—*Jurisdiction.*—When a party files a complaint for a divorce, alleg-
ing one or more of the statutory causes, and files the affidavit of a disinter-
ested person of the non-residence of the defendant, and gives the notice
required by law, and proves it legitimately to the satisfaction of the court, the
court has jurisdiction of the cause, and may adjudicate and decide upon the
matters in controversy, and the proceedings and judgment thereon will be
valid and binding upon the parties in this State.

APPEAL from the Morgan Common Pleas.

OSBORN, J.—On the 10th day of August, 1869, the appel-
lee filed her complaint for a divorce against the appellant, in
the Court of Common Pleas of Morgan county, charging
him with cruelty, drunkenness, and · a failure to provide for
her or their childrens' support.   On the same day, she also
filed the affidavit of a disinterested person that the appel-
lant was not a resident of this State.   The clerk of the court
immediately issued and caused to be published in a news-
paper of that county the usual non-resident notice, by which
the appellant was notified of the pendency of the action, and
that on failure on his part to appear on a day named and de-
fend, the cause would be heard and determined in his ab-
sence.   The notice was published in the Morgan County
Gazette, and the affidavit of the editor and publisher of that
paper was filed, stating that the paper was a weekly news-
paper, printed and published in the town of Martinsville, in
Morgan county, and that the notice was published in his
paper for four weeks successively, to wit, on the 14th, 21st,
and 28th days of August, and 4th day of September, 1869.
Copies of the notice and proof were filed and made a part of
the record.   The court met on the fourth day of October.   On
the fifth, being the second day of the term of the court, proof
of publication was made, and the court found and entered
of record that proof of notice of the pendency of the cause
had been given according to law, "which notice and proof
are in the following words, to wit; " then follows the notice
and affidavit proving it.   On the ninth day of October, the
cause was submitted to the court for trial, the evidence was
heard, and the court not, being sufficiently advised, took the
case under advisement until the fourteenth day of the

McFarland *v.* McFarland.

month, when the court found for the appellee and granted to her a divorce and the custody of the youngest child.

On the 24th day of May, 1871, the appellant filed a transcript of the case in this court, and on that transcript assigned the following errors:

First. The said court of common pleas granted a divorce when it ought not to have been done.

Second. There was no affidavit of non-residence or any return of any proper officer that the appellant was not a resident of the State, upon which the clerk could or ought to have proceeded to give notice by publication.

Third. There was no publication of notice to the defendant of the pendency of the suit, as shown by the record.

Fourth. The record of the proceedings does not show the facts to exist necessary to give jurisdiction of the person of the appellant to the court aforesaid, in that it does not contain notice or the proof of notice to the defendant of the suit.

The first assignment is too general, and raises no question. All of the others are shown by the record to be untrue. The record shows that there was an affidavit of non-residence of, and publication and proof of notice to, the appellant; that it was published in a newspaper, as required by law, for three successive weeks, at least thirty days before the first day of the court. 2 G. & H. *351, 194, 63, secs. 11, 315, 38.*

There is really nothing before us to decide. We do not consider it necessary or proper for us to discuss the policy of our divorce laws. It is not the duty of the court to make the law, nor have we any inclination to do so. Indeed, we are quite willing to leave that duty to the legislative department, where it properly belongs.

We hold that when a party files a complaint for a divorce, alleging any one or more of the statutory causes, and files the affidavit of a disinterested person of the non-residence of the defendant, and gives the notice required by law, and proves it legitimately to the satisfaction of the court,

the court has jurisdiction of the cause, and may adjudicate and decide upon the matters in controversy in the action, and that the proceedings and judgment therein will be valid and binding upon the parties in this State.

The transcript in this case, as originally filed, and upon which the assignment of errors was written, did not contain the affidavits or notice. On motion of the appellee, a writ of *certiorari* was issued to the clerk of the Morgan court, and in pursuance of that writ, a full transcript was sent up, and upon that the cause was submitted.

It is due to the clerk to state that in his certificate to the amended transcript, he certifies that the one first filed was not made for that purpose, that it was procured by parties for another purpose, and that it was not certified as a full transcript.

The judgment of the said Court of Common Pleas of Morgan county is affirmed, with costs.

BUSKIRK, J., having been of counsel, was absent.

*C. F. McNutt* and *G. W. Grubbs,* for appellant.

*A. G. Porter, W. R. Harrison,* and *W. S. Shirley,* for appellee.