## HORNADAY v. THE STATE.

LIQUOR LAW.—*License.*—Under the act of 1859, it was not requisite that any other person than the applicant should sign his petition for a license to retail intoxicating liquors.

JURISDICTION.—*Judgment of Inferior Court.*—Where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive, except in a direct proceeding to reverse or set aside the judgment.

SAME.—*Liquor Law.*—The question of whether proper notice by publication had been given by an applicant for license under the liquor law of 1859 could not be inquired into in a prosecution against such person for retailing intoxicating liquor without a license.

From the Marion Criminal Circuit Court.

*B. F. Davis*, for appellant.

*J. C. Denny*, Attorney General, and *B. K. Elliott*, for the State.

BUSKIRK, J.—The appellant was indicted for retailing spirituous liquors without a license. The issue formed by the plea of not guilty was submitted to the court for trial and resulted in a finding against the appellant. The court, having overruled a motion for a new trial, rendered judgment on the finding.

The error assigned is the overruling of the motion for a new trial.

The principal error relied upon for the reversal of the judgment is the admission of illegal and incompetent evidence on the trial. The cause was tried upon admissions made by the parties, except upon one question, upon which evidence was admitted over the objection and exception of the appellant. The following admissions were made as appears from the bill of exceptions: "And thereupon the defendant admits that he did, on the 12th day of March, 1873, at the time and place named in the indictment, at and in his place of business on lot No. three (3), in the town of Hasbrook, in Marion county, Indiana, sell to Lewis C. Trisler, named in the indictment, one gill of intoxicating liquors, for the price and sum of ten cents, and that the same was then and there drank upon his said premises; and upon said admission, the State closes her evidence in chief.

"And thereupon the State admits that upon the 5th of February, 1873, the defendant did obtain a license to sell intoxicating liquors in less quantities than one quart at a time, at and in his said place of busines, on lot No. three (3) in Hasbrook (the same known as Augusta Station), where said liquors were sold and drank, for the period of one year; that upon the order being made by said commissioners' court, of Marion County, Indiana, and upon said day, he executed his proper bond and paid to the treasurer for his license the sum of fifty dollars, and thereupon took and received from the treasurer of said county a receipt therefor, which he delivered to the auditor of said county, and then

and there received his license to so sell intoxicating liquors in less quantities than a quart at a time, at the place where the sale was made and previous thereto, and here the defendant rests."

The State then offered to read in evidence the notice of publication for said license, published in English, in the Volksblatt, a weekly newspaper published at and in the city of Indianapolis, county of Marion, and State of Indiana, to the introduction of which testimony the defendant at the time objected, on the ground that said testimony was irrelevant and immaterial, and that the sufficiency of the notice had been determined by the commissioners' court of Marion county, upon the hearing of his application for license, and which determination is unappealed from and in force, which objections the court overruled, and the defendant thereupon excepted; and upon the announcement of such decision of the court, the defendant admitted that said publication was made in English, in said paper, and in no other way did the defendant give notice of his said application for license, and that said paper was, at the time, a weekly German newspaper, printed at Indianapolis, Indiana, and printed in the German language, when and where six or more weekly newspapers, of general circulation, were published in the English language, in said county.

The State was also permitted, over the objection and exception of the appellant, to prove the number of German families residing in Pike township, where the appellant carried on business, that the Volksblatt was not taken by any person in said township, and that a number of the persons who had signed the petition for such license did not reside in Pike township, but in the city of Indianapolis, and that the appellant obtained such signatures with full knowledge that such persons were not citizens and residents of said Pike township.

It is insisted, by counsel for appellee, that the evidence was properly admitted, for the purpose of showing that the board

of commissioners had acquired no jurisdiction of the application for a license.

On the other hand, it is contended, by counsel for the appellant, that the board of commissioners were required to and actually did pass upon the question of whether the proper notice had been given, and that the finding upon that question is conclusive, except upon appeal to the circuit or common pleas court.

In the case of *Rhodes* v. *Piper*, 40 Ind. 369, we considered and passed upon the question of the conclusiveness of the finding of a, fact which was essential to evoke the exercise of jurisdiction; and we held that when the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle by its decision, such decision is conclusive, except on a direct proceeding to reverse or set aside the judgment; but we further held that the finding of the fact must be necessary, at the time it is so found, to evoke the exercise of jurisdiction, and if it is not so found it cannot estop those who are affected by such order from denying the existence of such fact. It is the finding of the fact which renders the decision conclusive.

In that case, the leading decisions of this court upon the point under consideration were fully considered, and we do not deem it necessary to re-examine them or add to what was then said. The decision in that case is decisive of the question under consideration. The appellant made proof before the board of commissioners that he had given notice of his intended application for license, and it was held that such notice was sufficient. Those affected might have appealed to the circuit or common pleas courts, or they might have instituted a direct proceeding to set aside the order granting the license, but neither of these things was done, and the conclusiveness of such decision cannot be called in question in an action like this.

Nor can the admission of the proof, that a portion of the persons who signed the petition for the license did not reside in Pike township, for the plain and obvious reason, that

under the act of 1859, it was not necessary that the petition or application for a license should be signed by any person but the applicant.

Upon the admissions made, the appellant should have been acquitted. The other evidence being inadmissible, the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded, for a new trial in accordance with this opinion.