WILLMAN *v.* WILLMAN ET AL.

DIVORCE.—*Decree without Jurisdiction.*—A decree of divorce rendered by a court having no jurisdiction of the subject-matter, or of the parties, may be annulled and set aside, in a proper proceeding therefor.

SAME.—*Review of Judgment.*—An action to annul and set aside a judgment is not a proceeding to review the same.

Willman v. Willman et al.

SAME.—*Jurisdiction of Party.—How Acquired.*—Jurisdiction of a party to a civil action can only be acquired, either by the due service upon him of a summons, or by his voluntary appearance.

SAME.—*Pleading.— Will.— Widow.—Decedents' Estates.*—The defendant, in an action wherein a divorce was granted to the plaintiff, after the death of the latter, testate, filed a complaint against his heirs and devisees, alleging that she had had no notice of such action, that no summons had been issued for or served upon her, that she had not appeared to the action, and that the only service of summons upon or appearance by her, pretended by the plaintiff, was the filing by him, with his complaint, of a paper purporting to be signed by her, waiving the issue and service of summons; and she asked that such judgment be annulled and set aside, that she be permitted to contest the validity of the testator's will, and that she be recognized as his widow.

*Held*, on demurrer, that, by the averments of the complaint, such court had no jurisdiction of the defendant in such action, that the proceedings subsequent to the filing of the complaint therein were void, and that the complaint in this action is sufficient.

From the Tippecanoe Circuit Court.

*W. D. Wallace* and *A. Rice,* for appellant.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellees.

NIBLACK, J.—This was a proceeding in the court below by Frederika Willman, against Mary Willman, George Willman, Walburga Willman, Reinhard Willman and Louis Kimmel, to have what purports to be a judgment of that court divorcing her from John Willman, her late husband, since deceased, annulled, set aside and declared void, and to be admitted and recognized as the widow of said John Willman. Also, to be permitted to contest the execution of the last will and testament of the said deceased, and to share his estate.

The complaint was in two paragraphs.

A demurrer was sustained to both paragraphs, and there was judgment, on demurrer, for the defendants.

The sufficiency of the complaint, therefore, is the only question presented to us here.

It is alleged in both paragraphs of the complaint, among other things, but in a somewhat different form in each, in substance, that the appellant was, on the 2d day

of August, A. D. 1865, united in marriage with the said John Willman, and that he and she, from that time, lived and cohabited together as husband and wife, until a short time before his death, a period of more than nine years, during which time four children were born to them as the fruit of such marriage, of whom the said Mary Willman and George Willman, two of said children, are the only survivors.

That on the 11th day of May, A. D. 1875, while she, the appellant, was still living with him as his wife, in the city of Lafayette, in this State, he, the said John Willman, without her knowledge or consent, commenced an action for a divorce, against her, in the Tippecanoe Circuit Court, and caused to be filed with his complaint a waiver, in writing, signed by her, of the issuing and service of process in the action, as follows:

"The State of Indiana, Tippecanoe County, ss:

"In the Tippecanoe Civil Circuit Court, April term, 1875.

"*John Willman* v. *Frederika Willman.*—Divorce.

"The undersigned, Frederika Willman, the defendant in the above entitled suit, hereby waives the issuing and service on her of process in the above entitled suit, and consents that said cause shall stand for trial at said term of said court.

(Signed,)          "FREDERIKA WILLMAN."

"Witness:   RICHARD ROTTLER."

That, on proof of the execution of said writing, the court entered a default against her, and, in her absence and without any appearance by her to the action, either in person or by attorney, proceeded to hear evidence, and entered a judgment of divorce against her.

The said John Willman died about a month after these divorce proceedings were concluded. Previous to his death, he executed an instrument, in writing, purporting to be his last will and testament, in which he made but a nominal provision for the said Frederika Willman, leav-

ing the rest of his property, amounting in value to perhaps eight or nine thousand dollars, to his two surviving children, above named, and to the said Walburga Willman, his mother, and to the said Reinhard Willman, his brother. Kimmel is the administrator of his estate with the will annexed.

The only questions discussed in this court by counsel on both sides arise out of and upon the alleged proceedings in divorce, referred to in the complaint.

It is a well settled rule of law, that there can be no proceedings to review a judgment of divorce. 2 R. S. 1876, p. 247, sec. 586; *McJunkin* v. *McJunkin*, 3 Ind. 30; *Woolley* v. *Woolley*, 12 Ind. 663; *McQuigg* v. *McQuigg*, 13 Ind. 294; *Wiley* v. *Pratt*, 23 Ind. 628; *Ewing* v. *Ewing*, 24 Ind. 468; *Shoemaker* v. *The Board, etc.*, 36 Ind. 175; *McFarland* v. *McFarland*, 40 Ind. 458; *Hornaday* v. *The State*, 43 Ind. 306; *Sullivan* v. *Learned*, 49 Ind. 252.

That rule, however, as we construe it, has only a practical application to cases in which there has been a valid and effective judgment of divorce, and does not prohibit proper proceedings, by a party interested, to annul and set aside a so-called judgment of divorce, which is void, either for want of jurisdiction over the subject-matter, or of jurisdiction of the parties.

Properly considered, a proceeding to review a judment presupposes the existence of a valid and subsisting judgment, which may, on the hearing, be affirmed, reversed or modified, either in whole or in part, as the justice of the case may require, and is prosecuted on the theory that there is such a valid and subsisting judgment which ought to be reversed or modified. An action to annul and set aside a void judgment, although it may have the form and similitude of a proceeding for the review of the judgment, is, nevertheless, not such a proceeding, in strictly legal contemplation. It is proper to observe this distinction in the consideration of such cases as the one before us.

In an ordinary adversary proceeding against a resident of this State, jurisdiction over the person of the defendant can only be acquired in two ways.

1st. By the issuing and service of a summons; and,

2d. By a voluntary appearance in court, and a submission to its jurisdiction.

This subject was fully considered and ruled upon by this court, in the case of *McCormack* v. *The First National Bank of Greensburgh*, 53 Ind. 466, and need not, we trust, be further elaborated here.

In regard to the divorce proceeding, against which the appellant seeks to be relieved, it is made affirmatively to appear, that no summons was issued for or served upon her, and that there was no voluntary appearance by her to the action. Consequently, neither one of the modes provided for by statute was resorted to for the purpose of obtaining jurisdiction over the person of the appellant.

The paper filed in that proceeding by the plaintiff, by which the defendant agreed to waive the issuing and service of process on her in that action, did not supply the place of a summons. Neither did it constitute an appearance to the action. As a means of obtaining jurisdiction over the person of the defendant in that proceeding, it was invalid and ineffectual.

Upon the facts alleged in the complaint, we are of the opinion, that all of the proceedings in the divorce suit, subsequent to the filing of the complaint, were without jurisdiction, and, hence, inoperative and void.

We think both paragraphs of the complaint contained facts sufficient to entitle the appellant to relief against the alleged proceedings in divorce, and that therefore the court erred in sustaining the demurrers to the complaint.

The judgment is reversed, at the costs of the estate of the said John Willman, and the cause remanded for further proceedings in accordance with this opinion.