Powell v. Powell.

Filed Nov. 23, 1885.

———◆———

No. 12,320.

POWELL v. POWELL.

DIVORCE.—*To what Extent Proceeding is Special.*—Divorce proceedings are so far special as to allow all the provisions of the divorce act to have their full force, unaffected by the civil code.

SAME.—*To what Extent Code Applies.*—*"Civil Cases" and "Civil Actions."*—*Pleading and Practice.*—Divorce cases, having been of equitable cognizance before the adoption of the Constitution, are not included in the term "civil cases," as used in the Bill of Rights; but under section 1 of the civil code (being section 249, R. S. 1881), they are "civil actions" in such a sense that the rules of pleading and practice therein provided will apply, except to the extent that a different procedure may be provided in the divorce act, and to the extent that it may be apparent that the Legislature intended otherwise.

SAME.—*Change of Judge.*—*Case Criticised.*—A divorce proceeding is a civil action in such a sense as entitles a party thereto; upon filing the proper affidavit, under section 412, R. S. 1881, to a change from the judge on the ground of bias and prejudice. *Musselman* v. *Musselman,* 44 Ind. 107, criticised.

CHANGE OF VENUE.—*Appointment of Special Judge.*—*Waiver of Irregularity.*—*Vacation of Judgment.*—One who does not object to the granting of a change of venue nor to the appointment and service of a special judge, can not afterwards maintain an action to vacate the judgment on the ground that such change and the appointment of the special judge were without authority.

From the Gibson Circuit Court.

*L. C. Embree,* for appellant.

*J. E. McCullough* and *J. H. Miller,* for appellee.

Powell v. Powell.

ZOLLARS, J.—In April, 1882, the appellee, Doctor G. Powell, filed in the Gibson Circuit Court a petition for a divorce from appellant, and for the custody of their children. In May following, appellee filed an answer in general denial. On the same day, appellant filed an affidavit for a change of venue, on the ground of the alleged bias and prejudice of the judge. This motion was sustained on the 28th day of August, 1882, and a change from the judge having been granted in four other cases, the judge, on that day, by a regular and written appointment, appointed Hon. Alex. Gilchrist, a disinterested attorney, to try all of said causes, naming them. The regular judge of the court was not interested in the cause, was not of kin to the parties, and had not been of counsel in the cause. Mr. Gilchrist took the proper oath, which, with his appointment, was entered upon the records of the court.

On the 30th day of the same month, the case of Doctor G. Powell against appellant was tried by the special judge, and a decree was rendered and entered, divorcing the plaintiff from appellant, and giving to him the care and custody of the children. No objections of any kind were made by appellant, either to the filing of the affidavit for a change of judge, the granting of the same, the appointment of the special judge, or the trial of the case by him. No objection was made to the decree, nor was there any motion for a new trial.

That decree stood unchallenged until the commencement of this action, on the 10th day of January, 1884, and until after appellee had remarried. This action is to vacate and set aside that decree, on the sole ground that it was, and is, absolutely null and void.

The position of appellant's learned counsel is, that a divorce proceeding is not a civil action, in any sense, but a special proceeding; that the provisions of the civil code do not apply to it; that as the divorce act has no provision upon the subject of a change of venue, there can be no change from the judge on account of his bias and prejudice, and that, therefore, the change above mentioned, and the appointment

of the special judge, were without authority, and the whole proceeding, including the final judgment, were and are null and void, and may be disregarded whenever and however they may come in question.

This contention can not be maintained, for at least two good and sufficient reasons. In the first place, we think, that a proceeding for a divorce is, at least, in such a sense and to such an extent a civil action, that the provision of the civil code for changing the venue on account of the bias and prejudice of the judge is applicable. Section 1 of the present code, which is substantially the same as the code of 1852, provides as follows : " There shall be no distinction in pleading and practice between actions at law and suits in equity ; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." R. S. 1881, section 249.

The holdings in this State have been that a jury could not, and can not, be demanded in a divorce case. These holdings are not placed upon the ground that the proceeding is a special proceeding, and not a civil action within the above provision of the code, but upon the ground that the statutes providing for divorces did not, and do not, contemplate a trial by jury, but by the court. Upon that ground, the holdings are clearly correct. See *Lewis* v. *Lewis,* 9 Ind. 105. In this case, it was said : "The rule of procedure in cases for divorce, obviously contemplates a trial of the cause by the court." Upon this case are based the subsequent cases holding that a jury can not be demanded in the trial of a divorce case. See *Morse* v. *Morse,* 25 Ind. 156 ; *Leffel* v. *Leffel,* 35 Ind. 76 ; *Musselman* v. *Musselman,* 44 Ind. 106.

Section 20 of the bill of rights in our Constitution provides, that " In all civil cases, the right of trial by jury shall remain inviolate." We do not now recollect that the question has ever been made or decided by this court, as to whether or not this provision guarantees the right of trial by jury in

a divorce case. Clearly it does not. It has been many times decided by this court, that the above constitutional provision covers only such cases as were known as "civil cases" before and at the time the Constitution was adopted. "Civil cases," as used in the Constitution, therefore, do not include cases in equity or special statutory proceedings, and, therefore, in such cases, the Legislature may provide for their trial by the court without a jury. *Lake* v. *Lake,* 99 Ind. 339; *Miller* v. *Evansville Nat'l Bank,* 99 Ind. 272; *Redinbo* v. *Fretz,* 99 Ind. 458; *Israel* v. *Jackson,* 93 Ind. 543; *Pence* v. *Garrison,* 93 Ind. 345; *Lake Erie, etc., R. W. Co.* v, *Griffin,* 92 Ind. 487; *Carmichael* v. *Adams,* 91 Ind. 526; *Helm* v. *First Nat'l Bank of Huntington,* 91 Ind. 44; *Anderson* v. *Caldwell,* 91 Ind. 451 (46 Am. R. 613); *Evans* v. *Nealis,* 87 Ind. 262; *Hendricks* v. *Frank,* 86 Ind. 278.

The Legislature can not abridge the right of trial by jury as guaranteed by the above provision of the Constitution, but it has been held that it may enlarge that right, and, in effect, that the term "civil action," as used in the code of 1852, was broader than the term "civil cases," as used in the Constitution, and that under that code many cases were triable by jury which would not have been but for the code. *Hopkins* v. *Greensburg, etc., T. P. Co.,* 46 Ind. 187; *Anderson* v. *Caldwell, supra; Pence* v. *Garrison, supra; Redinbo* v. *Fretz, supra.* The code of 1881, of course, brings us back to the Constitution to determine what cases are now triable by jury. And so the ditch law, and perhaps other statutes which we do not now call to mind, dispense with a jury trial. We cite the above cases to show that they were not decided upon the ground that a divorce proceeding is in no sense a civil action under the code, and that they do not so hold, and for the reason that they lend support to the proposition, that as to what are civil actions, the code is broader than the above section of the Constitution.

There is a line of cases, however, in which divorce cases have been spoken of as special proceedings, and in which it

has been held that they are not civil actions in such a sense that all of the provisions of the civil code are applicable thereto. These cases had their origin with the case of *McJunkin* v. *McJunkin*, 3 Ind. 30, which was decided before the enactment of the code, of 1852. It was provided in R. S. 1843, p. 602, section 45, that the practice and proceedings in divorce cases should be the same as in other cases in chancery, except as otherwise provided in the divorce act. It was provided in the chapter in relation to suits and proceedings in chancery, that decrees rendered without notice, other than by publication, might.be opened within five years to let in a defence, etc., and that before any decree should be opened, notice should be given to the original plaintiff, his heirs, devisees, executors, or administrators, etc. R. S. 1843, p. 847, sections 98, 99. These provisions about giving notice to heirs, etc., and other considerations stated, together with the serious consequences that might result from opening divorce decrees after so long.a time, led the court to think, and to hold, in *McJunkin* v. *McJunkin*, *supra*, that the above section 44 was not intended to include sections 98 and 99 above. Moving upon the theory that serious consequences might result from opening decrees of divorce after the lapse of years, the Legislature, in 1852, excepted.such decrees from the statute providing that judgments taken upon notice by publication might be opened within five years. 2 G. & H., p. 66, section 43; 2 R. S. 1876, p. 52. And in furtherance of the same policy, it was enacted that no complaint should be filed for a review of a judgment of divorce. 2 G. & H., p. 279, section 586; 2 R. S. 1876, p. 247, section 586; R. S. 1881, section 615.

Of course, with these statutes in force, there can not be a review of a judgment and decree of divorce. So it has been held. The holdings rest upon the above statutes, and not upon the ground that the proceeding for a divorce is so absolutely special that no provision of the civil code is applicable thereto. See *Woolley* v. *Woolley*, 12 Ind. 663; *Mc-*

Quigg v. McQuigg, 13 Ind. 294; Willman v. Willman, 57 Ind. 500.

It was further held in the case of Woolley v. Woolley, supra, that it was not in accordance with the former usages, practice and legislation in this State, to disturb, for any reason, judgments or decrees for divorce. As to whether any provisions of the civil code, aside from that for the review of judgments, would be applied in divorce proceedings, was not decided.

The ruling in the case of McQuigg v. McQuigg, supra, is the same in effect as the case of Woolley v. Woolley, supra, but goes to the extent of holding that a decree of divorce can not be set aside for any cause, not even for fraud. Here, again, nothing is said as to whether or not the civil code applies to such a proceeding, further than to cite the statute which forbids a review of judgments and decrees of divorce.

It is proper to state here that so far as the cases of Woolley v. Woolley, supra, and McQuigg v. McQuigg, supra, hold that decrees of divorce can not be set aside for fraud upon the court, they have been overruled by the case of Earle v. Earle, 91 Ind. 27.

In the case of McQuigg v. McQuigg, supra, it was said : "The policy of our State seems to have been, and to still be, against disturbing divorces granted. This has been induced by a consideration of the consequences necessarily incident to an opposite policy."

This is a correct statement, and announces a reasonable and salutary policy. It has always been recognized and enforced. It was recognized in the case of Earle v. Earle, supra. It has been the most important consideration in all the cases where this court has declined to apply any provision of the civil code to divorce proceedings. Provisions of that code will not be applied to divorce proceedings where any legislative intent is apparent that they should not be so applied, and where the result would be to open up decrees, and thus bring about the evil consequences that might result.

The case of Ewing v. Ewing, 24 Ind. 468, upon which ap-

pellant mainly relies, and upon which subsequent and like cases rest, is based in the main upon the considerations above stated.

It was held in that case that section 99 of the code of 1852, 2 R. S. 1876, p. 82 (R. S. 1881, section 396), which provided for relieving a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and section 356 of that code, 2 R. S. 1876, p. 183 (R. S. 1881, section 563), which provided for the granting of a new trial within one year, on cause shown, did not apply to decrees of divorce. It was argued by counsel in that case, that a proceeding for divorce is not a "civil action" within the meaning of the code, but a special proceeding, and that, hence, the above provisions of the code were not applicable. In answer to that argument the court said : "But whether counsel are, or are not, correct, it is clear to our minds that the proceeding for divorce is so far special as to allow all the provisions of the divorce act to have their full force and effect, unaffected by the code." That is undoubtedly correct, because, when a provision or course of procedure is found in the divorce act, it is a clear manifestation of a legislative intention that it, and not the civil code, shall govern and be followed. Especially is this so, when the provision in the divorce act has any reference to the stability or opening of decrees of divorce. When that case arose, and at the time it was decided, there was a provision in the divorce act that parties against whom a judgment of divorce had been, or might be rendered, without other notice than publication in a newspaper, might have the same opened at any time so far as related to the care, support and custody of the children, and within two years after the rendition of such a judgment, upon such a notice, might have the same opened, and be allowed to defend, so far as the same related to the allowance of alimony and the disposition of property. Specific provision was also made as to the kind of notice that should be given of an application to so open the judgment, etc. The section contained a proviso that the

dissolution of the marriage contract should in no case be set aside under the provisions of the act. 2 G. & H., p. 349, section 7.

This section of the act is a very clear manifestation of the legislative intention, that the remedy and procedure therein provided should be exclusive, and is a plain declaration and enactment of the general policy of the State, that decrees of divorce should not be opened or vacated, except, of course, on appeal or for fraud, as ruled in the case of *Earle* v. *Earle*, *supra*. It is very plain, therefore, that the provisions of the civil code would not be allowed to overthrow this provision of the divorce act. This provision was set out in the opinion in *Ewing* v. *Ewing, supra*, and it was held that the history of the legislation, and our judicial decisions, demonstrated that it was not the intention of the Legislature to embrace divorce cases in sections 99 and 356 of the code of 1852. As we have said, it was upon these considerations, mainly, that the decision turned. In the course of the opinion it was said: "It might be enough for us to say that neither of these sections (99 and 356) apply, in terms, to divorce cases, and are only applicable to 'civil actions' under the code; but the history of our judicial decisions," etc. This should be taken in connection with and limited by what had been before said, that the proceeding for divorce is so far special as to allow all the provisions of the divorce act to have full force and effect, unaffected by the code. The case is not authority for saying that a proceeding for divorce is in no sense a civil action under the code, and that hence no provision of that code, is applicable in the procedure.

In the case of *Morse* v. *Morse*, 25 Ind. 156, in speaking of interrogatories which had been submitted, the judge delivering the opinion of the court, on page 163, said: "But in *Ewing* v. *Ewing*, 24 Ind. 468, this court held that the provisions of the statute authorizing divorces prescribed the rules of practice in those cases, and that they are not governed by the code." This, we think, states the holding in the Ewing case

broader than it was. The statement, however, was not intended to be, and is not, authority for extending the holding in that case.

In the case of *Musselman* v. *Musselman*, 44 Ind. 106, in passing upon the question as to whether or not, in a divorce case, either party might have a change of venue from the county, BUSKIRK, J., said: "The solution of this question depends upon whether a proceeding for a divorce is a civil action within the meaning of section 207 of the code, 2 G. & H. 154, and whether a party in an action for divorce is entitled to a trial by jury as a matter of right. Section 207 of the code provides for a change of venue in a civil action. It was decided by this court, in *Ewing* v. *Ewing*, 24 Ind. 468, that a proceeding for a divorce was a special proceeding, and was not a civil action within the meaning of the code." Upon this statement, and upon the ground that neither party could demand a trial by jury, it was held that the trial court correctly overruled the motion to change the venue from the county, and that the fact that neither party was entitled to a trial by jury, was a sufficient reason for overruling the motion for a change of venue from the county. Here again, the statement of the holding in the Ewing case is too broad. And here again, the statement in relation thereto is not to be regarded as enlarging that holding. Nothing was held in the case of *Eastes* v. *Eastes*, 79 Ind. 363, except that section 315, R. S. 1881, in relation to endorsing the return day upon the complaint, does not apply to divorce cases, because the divorce act itself provides for the time of trial, etc., in divorce cases.

The above cases constitute the sum of the holdings upon the question as to whether or not a divorce case is a special proceeding or a civil action under the code. They do not hold that such a case is wholly a special proceeding; nor do they hold that it is in no sense a civil action under the code. They do hold, and correctly, that where the procedure is prescribed in the divorce act, that should be pursued, and not the civil code; and that so far as a procedure is provided in

that act, it may be called a special proceeding. They further hold that where it is apparent that the Legislature intended that certain sections of the civil code should not apply in divorce cases, they will not be so applied, and especially, if the result would be to open the decree.

In the case of *Musselman* v. *Musselman, supra,* it was only necessary to hold that the section of the civil code in relation to changing the venue from the county did not apply to divorce cases, because the trial was not to be by jury. The language used in the opinion, however, is broad enough, unless restricted to the exact case before the court, to make a holding that in no case is the section of the civil code in relation to changing the venue applicable in divorce cases. In that case, however, there had been a change from the judge.

Section 207 of the code of 1852, mentioned in that case, like section 255 of the code of 1881, R. S. 1881, section 412, provided for a change from the judge and from the county. There is no provision in the divorce act for a change from the judge.

Unless section 255, *supra,* of the civil code is applicable to divorce cases, there can be no such change, no matter how much biased and prejudiced the judge may be. It has never been held in any case, involving the single and specific question, that the civil code would not apply to a divorce case, so as to entitle a party to a change from the judge on account of his prejudice and bias. It has not been so held in any case, unless the holding in the case of *Musselman* v. *Musselman, supra,* is to be regarded as such a holding. If it be so regarded, it is to that extent incorrect.

The first clause of section 1 (R. S. 1881, section 249) of the code abolishes the distinctions in pleading and practice between actions at law and suits in equity. The second clause provides that there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a " civil ac-

tion." " Civil actions," as here used, are not the " civil cases" only of the bill of rights in the Constitution.   There, " civil cases" did not include suits in equity.   The above section of the code does include them in the term " civil action."   They fall within the " one form of action."

Divorce cases, having been of equitable cognizance before the adoption of the Constitution, are not included in the term " civil cases," as used in the bill of rights, but under the above section of the code, they are clearly " civil actions," in such a sense, at least, that the rules of pleading and practice therein provided will apply to them, except to the extent that a different procedure may be provided in the divorce act, and to the extent that it may be apparent that the Legislature intended otherwise.

While a decree of divorce settles the status of the parties, as argued by appellant's counsel, it is also true that the parties have private rights to be enforced and protected, and private wrongs to be redressed, in a divorce proceeding, which may result in separating them for life, in giving the children to one, and not to the other, and in a division of their property.   Indeed, to hold that a divorce proceedings is in no sense a " civil action," and that, therefore, no provisions of the civil code are applicable thereto, would be, practically, to overthrow the divorce act.   It can not be enforced without reference to the civil code.   It provides for a petition, cross-petition, and answer, but makes no provision for a reply or the amendment of pleadings; it makes no provision for a demurrer, a motion for a new trial, for exceptions, or bills of exceptions, or appeal to the Supreme Court; nor is there any provision for a continuance or for a change from the judge.   For all these the courts must go, and have always gone, to the civil code.

In the case of *Musselman* v. *Musselman, supra,* section 99 of the code (R. S. 1881, sec. 396), upon the subject of amendments, was referred to as applicable in the divorce proceeding.   It might as well be said that in a divorce proceeding

there can be no demurrer, no motion for a new trial, no exceptions, no bill of exceptions, no continuance, and no appeal to the Supreme Court, because they are not provided for in the divorce act, as to say there can not be a change from the judge, because no such change is provided for in the divorce act. Neither does the divorce act fix the qualification of witnesses, nor provide when and how depositions may be taken. It is provided that witnesses may be examined and depositions taken and used as in *other civil actions*. Section 1041, R. S. 1881. Here is a recognition, in the act, of the fact that the proceeding is, in some sense, at least, a civil action. This same recognition is found in the following section.

After this somewhat extended examination of the question, we are satisfied that section 412, R. S. 1881, is applicable to divorce proceedings, and that either party may have a change from the judge, by filing the proper affidavit.

A holding that in such a proceeding, where so much for the parties personally is involved, and where the welfare of the children and property rights are also involved, either party should be compelled to submit to a trial by an interested, biased or prejudiced judge, would be contrary to all ideas of modern and enlightened jurisprudence.

When we have reached the conclusion that the court below properly changed the venue, we have disposed of all questions as to the authority of the special judge. The right to change the venue is accompanied by the right to appoint a special judge as in any other case. No question is made here as to the regularity of the appointment.

There is another sufficient reason why appellant can not maintain this action, which we can not extend this opinion to elaborate, and that is, that having made no objections of any kind to the granting of the change, the appointment of the special judge, nor to his presiding in the case, it is too late to make such objections in the manner here at-

tempted. *State, ex rel.,* v. *Murdock,* 86 Ind. 124, and cases there cited.

There is no error in the record. The judgment is affirmed, with costs.

Filed Nov. 23, 1885.