Shauck. J.
It is said that in giving his general instructions to the jury before the argument against the objection of counsel for the plaintiff in error the trial judge erred. The reliance of counsel is upon the 7th subdivision of section 5190 of the Revised Statutes. The opposing view is that with respect to the time of giving general instructions, whether before or after the argument, the trial court, is vested with a discretion by the introductory provision of that sec-, tion. Since its amendment March 3, 1892 (89 O. L., 59), the section reads as following:
“When the jury is sworn the trial shall proceed, except, as provided in the next section, in the following order, unless the court for special reasons otherwise direct:
“1. The plaintiff must briefly state his claim, and may briefly state the evidence by which he expects to sustain it. . .
“2. The defendant must then briefly state his de-, fense, and may briefly state the evidence he expects to offer in support of it.
“3. The party who would be defeated if no evidence were offered on either side must first produce *394 iiis evidence, and the adverse party must then produce his evidence.
“4. The parties shall then be confined to rebutting evidence, unless the court, for good reasons, in the furtherance of justice, permit them to offer evidence in their original case.
“5. When the. evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.
“6. The parties may then submit or argue the case before the jury; the party required first to produce his evidence shall have the opening and closing argument, and if several defendants, having separate defenses, appear by different counsel, the court shall arrange their relative order.
u7. The court, after the argument is concluded, shall, before proceeding with other business, charge the jury; any charge shall be reduced to writing by the court, if either party, before the argument to the jury is commenced, request it; * * * .”
Prior to the amendment of the 5th subdivision the section provided that: “When the evidence is concluded either party may request instructions to the jury on matters of law which shall be given or refused by the court.” It was then clearly competent for the court to give such requested instructions either before or after the argument, but to hold that such discretion remains would be to deny all effect to the amendment whose terms clearly require such requested instructions to be given before the argument, if that is desired by the party making the request. *395 That the amendment foreclosed discretion in that respect was decided in the Village of Monroeville v. Root, 54 Ohio St., 523. By the amendment the giving of such requested instructions before the argument is required by the same imperative language which is employed in the 7th subdivision of the section to enjoin upon the court the duty of giving its general instructions after the argument is concluded. The 5th and 7th subdivisions of the section relate to the same general subject, the instructions to be given to the jury, and no reason appears why the same language should be regarded as mandatory in the former and directory in the latter.
Counsel for the defendant in error urge the view that while the section prescribes the mode of conducting trials generally, it is qualified by the phrase: “unless the court for special reasons otherwise direct.” This language is appropriate to confer upon the court authority to direct, for special reasons, the order of the statement of the claims of the parties, the introduction of the evidence and the arguments, because parties and their counsel are subject to the direction of the court. But the language is not appropriate to vest in the court a discretion with respect to its own conduct. A consideration of all the terms of the section leads to the conclusion that the requirement of the 7th subdivision, as well as that of the 5th, is imperative. Reasons for such a provision are not wanting. While the arguments which counsel address to juries relate to questions of fact they frequently proceed upon conflicting views of the rules of law applicable to the case, and there is obvious propriety in the requirement that their contentions shall be followed by an authoritative statement of the legal prin *396 eiples by which, the jury should be guided. The conflicting views of counsel cannot be anticipated by the court nor settled in a charge given before the argument.
It is further insisted that the trial judge disregarded the requirement of section 5201 of the Revised Statutes, in refusing to direct the jury to find specially upon questions of fact stated in writing and submitted with a request for such direction. The questions submitted were so numerous that it is not practicable to consider them separately. In determining the propriety of the rulings of the court upon these questions it is helpful to bear in mind that the proceedings were conducted in a court of law and not in a school of logic. The section of the statute relied on is as follows: “In all actions the jury, unless otherwise directed by the court, may, in its discretion, ■render either a general or a special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues; and in all cases, when requested by either party, the court shall instruct the jurors, if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon, and the verdict and finding must be filed with the cleric and entered on the journal.’’
The character of the questions which may be propounded is determined by the purpose for which they are authorized. Information touching that purpose may be derived from reliable sources. By the terms of the section the jury need not find specially upon such particular questions unless a general verdict is returned. The object of the association of these special *397 findings with a general verdict is disclosed in the section following which provides: “When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.” In Morse v. Morse, 25 Ind., 156, decided in 1865, the character of the questions to be propounded under a like statute was considered, and the conclusion reached is in accordance with the provisions of the statute. It was again considered by the same court in Todd et al. v. Fenton et al., 66 Ind., 25. The purpose is to obtain findings upon all such particular questions of fact, and upon such only, as will test the correctness of the general verdict which such findings accompany. It is to provide means of- ascertaining whether in the general verdict the jury have erred in the application of the law to their conclusions of fact.' The court is accordingly required, if it be requested, to propound such questions as will elicit special findings upon questions of fact which are legally involved in and determined by the general verdict. This-will extend the inquiry to every fact which is of such legal import that, when considered in connection with other facts, admitted or to be found, it may show that the general verdict results from an.errpneous application of the law. But the statute does not contemplate that by means of such questions the jury may be quizzed respecting the mental processes by which they arrive at conclusions of fact. Its object is to enable the court to determine as a matter of law whether the general verdict is right in view of the jury’s conclusions upon questions of fact, not to aid the court in determining whether the verdict is contrary to the weight of the evidence. Most of the questions stated in this record are of the latter character and they *398 were therefore properly rejected. But the 4th question which is set out in the statement of the case, is an example of those which the section contemplates, and the trial judge erred in refusing to propound it.
Judgments- of the circuit and common fleas courts reversed.
Minshall, C. J., Williams, Burket, Spear and Davis, JJ., concur.